UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

SHAWANNA GLOVER,                                    Case No.:

                Plaintiff,

                                     **COMPLAINT**

    -against-

DELTA AIR LINES, INC.,
JOHN AND JANE DOES 1-10,
individually and in their official
capacities and XYZ CORP. 1-10,                     **Trial by Jury Demanded**

               Defendants.

-----------------------------------------------------------------X

      Plaintiff, ShaWanna Glover ("Plaintiff" or "Glover"), by her attorneys the Law Offices of Rudy A. Dermesropian, LLC, complaining of defendants Delta Air Lines, Inc. ("Delta"), John and Jane Does 1-10, individually and in their official capacities, and XYZ Corp. 1-10 (collectively referred to as "Defendants"), alleges as follows:

      1.    This lawsuit seeks to remedy Defendants' intentional creation of a hostile work environment, unlawful discrimination, harassment, retaliation and unlawful adverse actions against the Plaintiff based on her disability, perceived disability, race, and age in violation of the Civil Rights Act of 1866, 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991 ("Section 1981"), the Executive Law of the State of New York, New York State Human Rights Law ("Executive Law"), § 296, *et seq.*, and the Administrative Code of the City of New York, New York City Human Rights Law ("Administrative Code"), § 8-101, *et seq.*

## PARTIES

      1.    At all relevant times herein, Plaintiff, a Black woman, was an employee of Defendant Delta and resided in the State of New York, County of Kings.

2.      Plaintiff is a covered "employee" and "person" within the meaning of Section 1981, the Executive law § 292(6), and the Administrative Code §8-102(1).

3.      Defendant Delta is a major airline company headquartered in Atlanta, Georgia, operating multiple hubs, including its primary transatlantic hub at JFK International Airport in Queens, New York.

4.      Upon information and belief, with its regional subsidiaries and contractors operating under the brand name Delta Connection, Delta has over 5,400 flights daily and serves 325 destinations in 52 countries on six continents. It is the second-oldest operating commercial airline in the U.S.

5.      Upon information and belief, Delta ranks first in revenue among the world's largest airlines.

6.      Defendant Delta is a covered "employer" within the meaning of Section 1981, the Executive law § 292(5), and the Administrative Code §8-102(5).

7.      Defendants John and Jane Does 1–10 are natural persons whose true identities are not yet known to Plaintiff and are partners, shareholders, principals, employees, agents or persons otherwise associated with one or more of the other Defendants, or were otherwise in positions which enabled them to commit, or to aid and abet in the commission of, the wrongful acts against Plaintiff set forth herein.

8.      Each John and Jane Doe defendant is a covered "employee" and "person" within the meaning of Section 1981, the Executive law § 292(6), and the Administrative Code §8-102(1), and a person of authority that exercised control over Plaintiff's employment.

9.      Defendants XYZ Corp. 1–10 are additional entities whose true identities are not yet known to Plaintiff, which are owned or operated by, affiliated with, subsidiaries of, owned and/or

managed by or for the benefit of one or more other Defendants, or any combination of any or all of them.

10.     Each XYZ Corp. defendant is a covered "employer" within the meaning of Section 1981, the Executive law § 292(5), and the Administrative Code §8-102(5).

11.     In committing the wrongful conduct described in this action and obtaining the benefits therefrom to Plaintiff's loss, cost, damage and detriment, one or more of the Defendants acted and operated interchangeably as principals, agents, instrumentalities and/or *alter egos* of one or more of them and/or each other.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction with respect to Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 & 1343, and 42 U.S.C. §1981.

13.     Unlawful employment practices relevant to this action were committed in the Eastern District of New York.

14.     This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. § 1331, as this action arises under the laws of the United States.

15.     This Court has supplemental jurisdiction over Plaintiff's New York State and New York City claims pursuant to 28 U.S.C. § 1367(a).  The New York State and New York City claims are inexorably related to, arise out of the same operative facts and circumstances as, and are a necessary, integral part of the federal law claims, such that the federal claims and New York State and New York City law claims form part of the same case or controversy.

16.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(1) & (2).

17.     On July 24, 2025 the U.S. Equal Employment Opportunity Commission, New York District Office ("EEOC") [Charge No. 520-2025-06382] terminated its processing of Plaintiff's

3

charge and issued a Notice of Right to Sue. This action was filed within 90 days of Plaintiff's receipt of the Notice of Right to Sue. Annexed hereto as <u>Exhibit A</u>, and incorporated in this Complaint by reference, is a copy of the EEOC Notice of Rights.

## **FACTS**

18.　　In or about 1993, Plaintiff started her career as a Flight Attendant.

19.　　On July 10, 1999, Plaintiff started her employment with Delta as a Flight Attendant.

20.　　In 2000, Plaintiff was promoted to a Flight Leader.

21.　　In or around 2004, Plaintiff was promoted to Purser and Coordinator.

22.　　A Purser on an airline is a Flight Attendant who serves as the leader of the cabin crew, overseeing their duties, ensuring passenger safety and comfort, managing service standards, and handling administrative tasks. Pursers are responsible for coordinating with the flight deck, conducting pre-flight checks, managing the cabin environment, and liaising with passengers, especially in premium classes. This role requires specialized training, experience, and is often awarded based on performance and seniority within the cabin crew.

23.　　In her capacity as a Flight Attendant, Flight Lead, and Purser, Plaintiff had great work performance and received increases every year for the first 12 years of her employment. After the first 12 years, employees like Plaintiff do not get increases anymore because they would have reached their maximum salary.

24.　　In or about 2016, Plaintiff was diagnosed with asthma; however, on January 19 2020, Plaintiff underwent a neurological MRI because of an increase in frequency of seizures.

25.　　Also, in or about January 2020, Plaintiff underwent an Electroencephalogram ("EEG") and was diagnosed with seizure disorder.

26.　　In certain instances, Plaintiff's seizures were being triggered by her severe asthma.

27.     In March 2020, the World Health Organization officially declared the COVID-19 outbreak as a pandemic, and masks mandates were being issued in the U.S. and across the world.

28.     Plaintiff never opposed or refused to comply with any mandates, including the wearing of a mask. However, since the wearing of masks restricted her ability to breath properly and trigger her asthma, she informed her then supervisor, Sureno GiaComo ("GiaComo"), of her disabilities and requested a reasonable accommodation to wear a mask that does not restrict her breathing and/or a face shield.

29.     On or about May 12, 2020, GiaComo provided Plaintiff with an Accommodation Request Form, which Plaintiff delivered to her physician.

30.     On August 8, 2020, while aware of Plaintiff's disabilities, that the mask restricted her breathing and triggered her asthma, and her need for a reasonable accommodation, GiaComo issued Plaintiff a write-up for allegedly "Not wearing a mask properly."

31.      On August 12, 2020, Plaintiff's physician submitted a completed Accommodation Request Form on her behalf.

32.     In his letter, Plaintiff's physician reminded Defendants of Plaintiff's disability (i.e., asthma), and informed Defendants that "Due to her diagnosis, long-term mask wearing can sometimes affect her breathing ability. To the extent possible by COVID mitigation plans, please allow Ms. Glover to use face shields or refrain from mask use if distancing and other safety measures can be maintained per CDC recommendations."

33.     On August 18, 2020, Plaintiff spoke on the phone with Henrettia Archie (Accommodations Lead program Manager), David Gilmartian (Base Director), Elaine Little (Base Manager), Deb Mozell (Policies & Assurance Manager), Krisdath Sooknanan (FSM), Rayonda

Sloan (Admin Support Manager), and Bill Ittounas (Accommodations HRM Program Manager) to discuss her disabilities and requests for reasonable accommodation.

34.     During that call, Plaintiff reiterated her request for a reasonable accommodation due to her disabilities.

35.     On August 20, 2020, Plaintiff's supervisor, Kristh Snookanan ("Snookanan"), who was already aware of Plaintiff's need for a reasonable accommodation and its approval, and who was designated to provide her with a face shield, observed Plaintiff wearing a mask and another co-worker not wearing a mask. However, Plaintiff was the only one who received an 18 months Corrective Action Notice, while the co-worker was not reprimanded for not wearing a mask.

36.     Upon information and belief, the co-worker who was not wearing a mask was not Black like Plaintiff, and did not suffer from any disabilities or requested an accommodation as Plaintiff did.

37.     Also, several non-Black FSM at the duty desk and in the lounge, repeatedly harassed Plaintiff about the mask, despite being made aware of her medical restriction. At the same time male Caucasian flight attendants, who were no wearing or properly wearing masks were not being harassed.

38.     Significantly, Plaintiff was placed on an 18-month Corrective Action Plan ("CAP") 1 week after requesting a reasonable accommodation and only 2 days after discussing her disabilities and accommodation request with Defendants.

39.     Not only was Plaintiff placed on a CAP for 18 months, she was also demoted on August 21, 2020, when she was removed from the Purser/Coordinator program and demoted to a regular Flight Attendant.

40.     As a result of the demotion, Plaintiff's pay was also reduced from approximately $74,000 per year to approximately $65,000 per year.

41.     On September 18, 2020, while still on the CAP, Defendants purported to approve Plaintiff's reasonable accommodation request.

42.     However, despite claiming to approve her request, Defendants failed to accommodate Plaintiff and provide her with a proper mask and/or a face shield to wear while at work.

43.     Since the purported approval of her reasonable accommodation on September 18, 2020, Plaintiff constantly requested and follow-up with Defendants about the mask and/or face shield that Defendants had approved.

44.     However, Plaintiff never received any form of accommodation and continued to wear masks that restricted her breathing and triggered her asthma.

45.     Because Defendants did not accommodate Plaintiff, she was forced to work with a great level of discomfort and suffering.

46.     In fact, on October 25, 2020, shortly after approving her reasonable accommodation, but before providing Plaintiff with a proper mask and/or face shield, Defendants issued Plaintiff another write-up for "not wearing mask correctly."

47.     Prior to disclosing her disabilities and requesting a reasonable accommodation, Plaintiff had not received write-ups for the first approximate 21 years of her employment with Delta.

48.     In fact, during the COVID-19 pandemic and while masks mandates were in place, other Delta employees, who did not suffer from a disability as Plaintiff does, were observed and

even posted on social media pictures of themselves and others incorrectly wearing masks or not wearing masks at all.

49.    Delta supervisors were aware of these social media posts and these infractions but refused to take actions and/or did not issue write-ups to these other employees or place them on a CAP as Plaintiff was.

50.    As a consequence for allegedly not wearing her mask properly, which is a fabrication by Defendants, the latter placed Plaintiff on a second 24-month CAP on December 15, 2020, even though the first CAP had not yet expired.

51.    Because of the ongoing discrimination, harassment and hostility at work, Plaintiff was compelled to take a short leave of absence from December 18th to 20th, 2020 in order to regroup and try to deal with the hostility.

52.    In 2021, Plaintiff continued asking for an approved mask and/or face shield pursuant to the reasonable accommodation that Defendants purportedly approved on September 18, 2020, but no such accommodation was provided to Plaintiff.

53.    Instead, Plaintiff was written up yet again on August 6, 2021 for allegedly not wearing a mask properly, which is also another false accusation.

54.    As a result of the ongoing harassment and hostility at work, and the anxiety she was going through, Plaintiff fainted on a flight on August 8, 2021, requiring her to seek medical attention.

55.    On August 10, 2021, after being seen by her physician, Plaintiff was cleared to return to work and submitted her doctor's letter to Defendants on August 11, 2021.

56.     On August 13, 2021, Plaintiff was also removed from her scheduled trip by her supervisor because she allegedly did not have a face shield that Defendants failed and refused to provide her with.

57.     In other words, Plaintiff was being constantly punished for Defendants' failures to accommodate her.

58.     On August 19, 2021, Plaintiff was also removed from "Active Status" and placed on sick leave. When Plaintiff reached out to management to inquire about her status and the reasons behind it, management refused to communicate with her or provide her with a response.

59.     Since Plaintiff was removed from "Active Status" and due to her disabilities, Plaintiff filed for Short-Term Disability with Delta's third-party administrator, Sedwick.

60.     Plaintiff's Short-Term Disability was approved beginning August 10, 2021 through October 19, 2021.

61.     As a result of Plaintiff's fainting episode on August 8, 2021 during one of her scheduled trips, Defendants forced Plaintiff to undergo 7 therapy sessions to receive clearance to return to work.

62.     As such, Plaintiff completed her 7 sessions between December 2nd and December 31st, 2021, and was cleared to return to work on January 4, 2022.

63.     On January 7, 2022, almost 1.5 years after purportedly approving her request for reasonable accommodation but failing to provide her with any form of accommodation, Defendants directed Plaintiff to create her own face shield and submit it to Defendants for approval.

64.     Despite this unusual request from Defendants, Plaintiff complied and submitted 3 different face shields that she did herself.

65.     However, all 3 face shields were rejected by Defendants.

66.     Because of Defendants' ongoing refusal to accommodate Plaintiff and their obvious intentions to harass and discriminate against her because of her disabilities, Plaintiff requested from her physician to modify her reasonable accommodation request allowing her to wear an N95 face mask instead.

67.     On January 19, 2022, Plaintiff's physician sent a new reasonable accommodation request to Delta's Accommodation Team requesting that Plaintiff be allowed to wear an N95 face mask.

68.     In response to this modified request for a reasonable accommodation, Plaintiff met with Delta's Accommodation Team on January 31, 2022.

69.     The Accommodation Team again purported to approve her request by allowing her to wear an N95 face mask.

70.     However, as a condition to be allowed to return to work on March 3, 2022, Plaintiff had to agree to be placed on a third and final CAP for yet another 36 months.

71.     Between March and June 2022, Plaintiff contacted Delta's Compliance Helpline at 800-253-7879 complaining of the ongoing discrimination, harassment, and failure to accommodate. However, Plaintiff did not receive a response or call back from Delta's Compliance Helpline.

72.     Between June 6 and June 8, 2022, Plaintiff also complained to the Gatekeeper, Julie Childs ("Childs"), about the ongoing discrimination, harassment, and failure to accommodate.

73.     On June 21, 2022, Childs sent an e-mail to Plaintiff's supervisor, Andrea Misserian ("Misserian"), regarding Plaintiff's complaint.

74.     On August 22, 2022, Plaintiff met with Misserian to discuss her complaints of ongoing discrimination, harassment, and failure to accommodate.

75.     On September 14, 2022, Sarah Hill from Human Resources received Plaintiff's complaint of ongoing discrimination, harassment, and failure to accommodate.

76.     On September 29, 2022, Pyris Lemon from Human Resources spoke to Plaintiff to discuss her complaints of ongoing discrimination, harassment, and failure to accommodate.

77.     However, despite Plaintiff's complaints, no remedial or corrective action was taken by or on behalf of Delta.

78.     Instead, less than 2 weeks after speaking to Human Resources about her complaints, Plaintiff was suspended on October 11, 2022 for 3 weeks, due to an alleged complaint by other crew members from a flight that Plaintiff was assigned to.

79.     That complaint against Plaintiff was a fabrication solely intended to retaliate against her for engaging in protected activities.

80.     Subsequently, on November 3, 2022, David Gilmartin (Base Director), Freddy V. Hernandez (Supervisor), and Andrea Misserian (Corporate Director IFS Field Operations North east Region) gave Plaintiff the ultimatum of either retiring because she is more "senior" and had enough years of service with Delta, or be terminated.

81.     Later in the day on November 3, 2022, Plaintiff was also issued a letter partially reflecting the information she was verbally provided by David Gilmartin, Freddy V. Hernandez, and Andrea Misserian, on that same day.

82.     Due to the ultimatum provided and to protect her employment record, Plaintiff was compelled to retire effective December 1, 2022.

83.     In 2022, all Delta employees received a raise in pay, but Plaintiff did not receive it because she was constructively discharged and forced to retire on December 1, 2022.

84.     Defendants' adverse actions were clearly targeted against Plaintiff, were malicious and intentional.

85.     As a direct and proximately result of Defendants' actions and inactions, Plaintiff has suffered, and continues to suffer, significant economic, career, reputational and emotional harm.

86.     As a result of Defendants' discriminatory, retaliatory, harassing and hostile conduct, Plaintiff suffered, and continues to suffer, among other things, mental anguish, emotional distress, loss of enjoyment of life, stress, anxiety, depression, and other monetary damages connected with Defendants' aforementioned violations.

87.     Plaintiff consulted with a psychiatrist as a proximate result of Defendants' actions.

**AS AND FOR A FIRST CAUSE OF ACTION**
**Race Discrimination in Violation of Section 1981**
**Against All Defendants**

88.     Plaintiff repeats, reiterates and re-alleges all prior allegations as though fully set forth herein.

89.     Defendants violated Section 1981 by engaging in, perpetuating and permitting supervisory and decision-making managers and employees to engage in discriminatory employment practices in which Plaintiff's race was the motivating, if not the only factor.

90.     As a result of Defendants' conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, damage to reputation, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' violations.

91.     Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

## AS AND FOR A SECOND CAUSE OF ACTION
**Race Discrimination in Violation of Executive Law § 296, *et seq*.**

92.     Plaintiff repeats, reiterates and re-alleges all prior allegations as though fully set forth herein.

93.     Defendants violated the Executive Law § 296, *et seq.*, by engaging in, perpetuating and permitting supervisory and decision-making employees to engage in discriminatory employment practices in which Plaintiff's race was the motivating, if not the only factor.

94.     As a result of Defendants' conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, damage to reputation, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' violations.

95.     Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

96.     As a result of the outrageous and blatantly discriminatory conduct of Defendants, with such conduct that contravenes public policies and statutes, Plaintiff is entitled to punitive damages.

## AS AND FOR A THIRD CAUSE OF ACTION
**Race Discrimination in Violation of the Administrative Code § 8-107, *et seq*.**
**Against All Defendants**

97.     Plaintiff repeats, reiterates and re-alleges all prior allegations as though fully set forth herein.

98.     Defendants violated Administrative Code § 8-107, *et seq*. by engaging in, perpetuating and permitting supervisory and decision-making employees to engage in

discriminatory employment practices in which Plaintiff's race was the motivating, if not the only factor.

99.     As a result of Defendants' conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, damage to reputation, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' violations.

100.    Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

101.    As a result of the outrageous and blatantly discriminatory conduct of Defendants, with such conduct that contravenes public policies and statutes, Plaintiff is entitled to punitive damages.

## AS AND FOR A FOURTH CAUSE OF ACTION
**Retaliation in Violation of Section 1981 Against All Defendants**

102.    Plaintiff repeats, reiterates and re-alleges all prior allegations as though fully set forth herein.

103.    Defendants violated Section 1981 by engaging in, perpetuating, and permitting supervisory and decision-making employees to engage in retaliatory actions against Plaintiff for engaging in protected activities, when complaining of the discriminatory, harassing, and disparate treatment she was subjected to by Defendants.

104.    As a result of Defendants' conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, damage to reputation, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' violations.

105.    Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

### AS AND FOR A FIFTH CAUSE OF ACTION
**Retaliation in Violation of the Executive Law § 296, *et seq*.**
**Against All Defendants**

106.    Plaintiff repeats, reiterates and re-alleges all prior allegations as though fully set forth herein.

107.    Defendants violated Executive Law §296, *et seq*. by engaging in, perpetuating, and permitting supervisory and decision-making employees to engage in retaliatory actions against Plaintiff for engaging in protected activities, when complaining of the discriminatory, harassing, and disparate treatment she was subjected to by Defendants.

108.    As a result of Defendants' conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, damage to reputation, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' violations.

109.    Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

### AS AND FOR A SIXTH CAUSE OF ACTION
**Retaliation in Violation of the Administrative Code § 8-107, *et seq*.**
**Against All Defendants**

110.    Plaintiff repeats, reiterates and re-alleges all prior allegations as though fully set forth herein.

111.    Defendants violated Administrative Code § 8-107, *et seq*. by engaging in, perpetuating, and permitting supervisory and decision-making employees to engage in retaliatory

actions against Plaintiff for engaging in protected activities, when complaining of the discriminatory, harassing, and disparate treatment he was subjected to by Defendants.

112.    As a result of Defendants' conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, damage to reputation, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' violations.

113.    Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

114.    As a result of the outrageous and blatantly retaliatory conduct of Defendants, with such conduct that contravenes public policies and statutes, Plaintiff is entitled to punitive damages.

### AS AND FOR A SEVENTH CAUSE OF ACTION
**Promoting a Hostile Work Environment in Violation of
Section 1981 against All Defendants**

115.    Plaintiff repeats, reiterates and re-alleges all prior allegations as though fully set forth herein.

116.    In violation of Section 1981, Defendants promoted, allowed, encouraged, and maintained a hostile work environment for Plaintiff by Defendants' failure and/or refusal to prevent, cure or eliminate the discrimination and the abusive work conditions Plaintiff endured.

117.    As a result of Defendants' conduct, Plaintiff suffered, and continues to suffer severe emotional distress, damage to reputation, and other monetary damages connected with Defendants violations of Section 1981.

118.    Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
**Promoting a Hostile Work Environment in Violation of the
Executive Law §§ 296, *et seq*. against All Defendants**

119.    Plaintiff repeats, reiterates and re-alleges all prior allegations as though fully set forth herein.

120.    In violation of Executive Law §§ 296, *et seq*., Defendants promoted, allowed, encouraged, and maintained a hostile work environment for Plaintiff by Defendants' failure and/or refusal to prevent, cure or eliminate the discrimination and the abusive work conditions Plaintiff endured.

121.    As a result of Defendants' conduct, Plaintiff suffered, and continues to suffer severe emotional distress, damage to reputation, and other monetary damages connected with Defendants violations of Executive Law §§ 296, *et seq*.

122.    Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

## AS AND FOR A NINTH CAUSE OF ACTION
**Promoting a Hostile Work Environment in Violation of the
Administrative Code §§ 8-101, *et seq*. against All Defendants**

123.    Plaintiff repeats, reiterates and re-alleges all prior allegations as though fully set forth herein.

124.    In violation of Administrative Code §§ 8-101, *et seq*., Defendants promoted, allowed, encouraged, and maintained a hostile work environment for Plaintiff by Defendants' failure and/or refusal to prevent, cure or eliminate the discrimination and the abusive work conditions Plaintiff endured.

125.    As a result of Defendants' conduct, Plaintiff suffered, and continues to suffer severe emotional distress, damage to reputation, and other monetary damages connected with Defendants violations of Administrative Code §§ 8-101, *et seq*.

126.    As a result of Defendants' conduct, which has been extreme and outrageous, Plaintiff is entitled to punitive damages.

127.    Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

### AS AND FOR A TENTH CAUSE OF ACTION
**Disability Discrimination in Violation of the
Executive Law § 296, *et seq*. against All Defendants**

128.    Plaintiff repeats, reiterates and re-alleges all prior allegations as though fully set forth herein.

129.    Defendants violated Executive Law §296, *et seq*. by engaging in, perpetuating, and permitting supervisory and decision-making employees to engage in discriminatory employment practices in which Plaintiff's disability was the motivating, if not the only factor.

130.    As a result of Defendants' conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' violations.

131.    Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
**Disability Discrimination in Violation of the
Administrative Code § 8-107, *et seq*. against All Defendants**

132.    Plaintiff repeats, reiterates and re-alleges all prior allegations as though fully set forth herein.

133.    Defendants violated Administrative Code § 8-107, *et seq*. by engaging in, perpetuating, and permitting supervisory and decision-making employees to engage in discriminatory employment practices in which Plaintiff's disability was the motivating, if not the only factor.

134.    As a result of Defendants' conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' violations.

135.    Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

136.    As a result of the outrageous and blatantly discriminatory conduct of Defendants, with such conduct that contravenes public policies and statutes, Plaintiff is entitled to punitive damages.

### AS AND FOR A TWELFTH CAUSE OF ACTION
**Perceived Disability Discrimination in Violation of the
Executive Law § 296, *et seq*. against All Defendants**

137.    Plaintiff repeats, reiterates and re-alleges all prior allegations as though fully set forth herein.

138.    Defendants violated Executive Law §296, *et seq*. by engaging in, perpetuating, and permitting supervisory and decision-making employees to engage in discriminatory employment practices in which Plaintiff's perceived disability was the motivating, if not the only factor.

139.    As a result of Defendants' conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' violations.

140.    Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### Perceived Disability Discrimination in Violation of the
### Administrative Code § 8-107, *et seq*. against All Defendants

141.    Plaintiff repeats, reiterates and re-alleges all prior allegations as though fully set forth herein.

142.    Defendants violated Administrative Code § 8-107, *et seq*. by engaging in, perpetuating, and permitting supervisory and decision-making employees to engage in discriminatory employment practices in which Plaintiff's perceived disability was the motivating, if not the only factor.

143.    As a result of Defendants' conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' violations.

144.    Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

145.    As a result of the outrageous and blatantly discriminatory conduct of Defendants, with such conduct that contravenes public policies and statutes, Plaintiff is entitled to punitive damages.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### Age Discrimination in Violation of the
### Executive Law § 296, *et seq*. against All Defendants

146.    Plaintiff repeats, reiterates and re-alleges all prior allegations as though fully set forth herein.

147.    Defendants violated Executive Law §296, *et seq*. by engaging in, perpetuating, and permitting supervisory and decision-making employees to engage in discriminatory employment practices in which Plaintiff's age was the motivating, if not the only factor.

148.    As a result of Defendants' conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' violations.

149.    Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
**Age Discrimination in Violation of the**
**Administrative Code § 8-107, *et seq*. against All Defendants**

150.    Plaintiff repeats, reiterates and re-alleges all prior allegations as though fully set forth herein.

151.    Defendants violated Administrative Code § 8-107, *et seq*. by engaging in, perpetuating, and permitting supervisory and decision-making employees to engage in discriminatory employment practices in which Plaintiff's age was the motivating, if not the only factor.

152.    As a result of Defendants' conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' violations.

153.    Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

154.    As a result of the outrageous and blatantly discriminatory conduct of Defendants, with such conduct that contravenes public policies and statutes, Plaintiff is entitled to punitive damages.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court:

A.    award Plaintiff equitable relief of back pay, front pay, salary and fringe benefits;

B.    award Plaintiff full compensation damages under Section 1981, Executive Law of the State of New York, New York State Human Rights Law, § 296, *et seq.*, and the Administrative Code of the City of New York, New York City Human Rights Law, § 8-101, *et seq.*;

C.    award full liquidated and punitive damages as allowed under Section 1981, Executive Law of the State of New York, New York State Human Rights Law, § 296, *et seq.*, and the Administrative Code of the City of New York, New York City Human Rights Law, § 8-101, *et seq.*;

D.    award pre- and post-judgment interests;

E.    issue a declaratory judgment declaring that Defendants' actions are unlawful;

F.    enjoin Defendants from further discrimination, harassment and retaliation;

G. award Plaintiff an amount to be determined at trial of lost compensation, back-pay, front-pay, bonuses, raises, emotional distress damages, and additional amounts such as liquidated damages;

H. award Plaintiff such compensatory, prospective, exemplary and punitive damages as this Court deems appropriate, just and proper;

I. award Plaintiff the cost of prosecuting this action and for reasonable attorneys' fees under the aforementioned statutes and 42 U.S.C. § 1988; and

J. such other and further relief as this Court deems just and proper.

Dated: New York, New York
  September 19, 2025

Respectfully Submitted,

**LAW OFFICES OF
RUDY A. DERMESROPIAN, LLC**


By: ___*/s/ Rudy A. Dermesropian*_____
  Rudy A. Dermesropian (RD 8117)
  810 Seventh Avenue, Suite 405
  New York, NY 10019
  Telephone: (646) 586-9030
  Fax: (646) 586-9005

  *Attorneys for Plaintiff*