**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178-0060
Tel.:   (212) 309-6000
Fax:   (212) 309-6001

Attorneys for Defendant Delta Air Lines Inc.

UNITED STATES U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| SHAWANNA GLOVER,<br><br>       Plaintiff,<br><br>       -against-<br><br>DELTA AIR LINES INC., et al,<br><br>       Defendants. | Case No. 1:25-cv-05263-DLI-CHK<br><br>November 6, 2025 |

**DEFENDANT DELTA AIR LINES INC.'S MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION TO PARTIALLY DISMISS PLAINTIFF'S COMPLAINT**

## TABLE OF CONTENTS

**Page**

I.    Preliminary Statement ............................................................................................................ 1

II.    Relevant Factual Background ............................................................................................. 3

III.    Relevant PROCEDURAL Background ............................................................................. 5

IV.    Argument ............................................................................................................................ 5

    A.    Plaintiff's Allegations Are Largely Time-Barred – Causes of Action One through Fifteen. ................................................................................... 6

    B.    Plaintiff Fails to State a Cause of Action for Any Age-Related Claim. ................. 8

        1.    Plaintiff's Age Discrimination Claims Fail - Causes of Action Fourteen and Fifteen. ........................................................................ 8

        2.    Plaintiff's Retaliation Claims Fail to the Extent They Are Premised on Her Age - Causes of Action Four through Six. ........................................... 10

        3.    Plaintiff's Hostile Work Environment Claims Fail to the Extent They Are Premised on Her Age - Causes of Action Seven through Nine. .............................................................................................. 11

    C.    Plaintiff Fails to State a Cause of Action for Any Race-Related Claim. ............. 12

        1.    Plaintiff's Race Discrimination Claims Fail - Causes of Action One through Three. ...................................................................... 13

        2.    Plaintiff's Retaliation Claims Fail to the Extent They Are Premised on Her Race- Causes of Action Four through Six. ......................... 15

        3.    Plaintiff's Hostile Work Environment Claims Fail to the Extent They are Premised on Her Race - Causes of Action Seven through Nine. .............................................................................................. 16

    D.    Plaintiff's Timely Allegations Fail to State a Cause of Action for Hostile Work Environment or Discrimination - Causes of Action One through Three and Seven through Thirteen. ....................................... 17

V.    Conclusion ....................................................................................................................... 19

i

# TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

*Adams v. New York State Educ. Dep't*,
  752 F. Supp. 2d 420 (S.D.N.Y. 2010) ........................................................................................ 10

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................................................. 6, 19

*Baptiste v. City Univ. of New York*,
  680 F. Supp. 3d 415 (S.D.N.Y. 2023) .................................................................................. 16, 17

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................................................ 5

*Belton v. Borg & Ide Imaging, P.C.*,
  512 F. Supp. 3d 433 (W.D.N.Y. 2021) ...................................................................................... 13

*Bennett v. Watson Wyatt & Co.*,
  136 F. Supp. 2d 236 (S.D.N.Y. 2001), *aff'd in part, appeal dismissed in part*,
  51 F. App'x 55 (2d Cir. 2002) .................................................................................................... 14

*Benzinger v. Lukoil Pan Americas*,
  LLC, 447 F. Supp. 3d 99 (S.D.N.Y. 2020) ......................................................................... 12, 16

*Bilitch v. New York City Health & Hosps. Corp.*,
  194 A.D.3d 999 (2021) ................................................................................................................ 12

*Brailsford v. Zara USA, Inc.*,
  2015 WL 1608214 (S.D.N.Y. Apr. 10, 2015) ........................................................................... 10

*Brown v. Wetz*,
  No. 18-11178, 2021 WL 964922 (S.D.N.Y. Mar. 15, 2021) .................................................. 14

*Coleman v. Erie Painting & Maint., Inc.*,
  No. 24-1239, 2025 WL 1331745 (N.D.N.Y. May 7, 2025) ...................................................... 9

*Cooper v. Franklin Templeton Invs.*,
  629 F. Supp. 3d 223 (S.D.N.Y. 2022), *aff'd sub nom.*, No. 22-2763, 2023 WL
  3882977 (2d Cir. June 8, 2023) .................................................................................................. 13

*Davis v. New York City Dep't of Educ.*,
  804 F.3d 231 (2d Cir. 2015) ................................................................................................. 10, 17

*Davis-Bell v. Columbia Univ.*,
  851 F. Supp. 2d 650 (S.D.N.Y. 2012) ....................................................................................... 16

*Edwards v. New York State Unified Ct. Sys.*,
   No. 12-46, 2012 WL 6101984 (S.D.N.Y. Nov. 20, 2012)......................................................14

*Ebewo v. Fairman*, 460 F. App'x 67 (2d Cir. 2012) ........................................................................10

*Felton v. Monroe Cmty. Coll.*,
   579 F. Supp. 3d 400 (W.D.N.Y. 2022)....................................................................8, 14, 18, 19

*Gamm v. Sanderson Farms, Inc.*,
   944 F.3d 455 (2d Cir. 2019)..............................................................................................6, 11

*Hishon v. King & Spalding*,
   467 U.S. 69 (1984)....................................................................................................................6

*Jones v. R.R. Donnelley & Sons Co.*,
   541 U.S. 369 (2004)..................................................................................................................7

*Kellman v. Metropolitan Transp. Authority*,
   8 F. Supp. 3d 351 ..................................................................................................................11

*Kugel v. Queens Nassau Nursing Home Inc.*,
   568 F. Supp. 3d 253 (E.D.N.Y. 2021) ...................................................................................16

*McDonnell Douglas Corp. v. Green*,
   411 U.S. 792 (1973)..................................................................................................................8

*Milner-Koonce v. Albany City Sch. Dist.*,
   No. 21-1271, 2025 WL 2781578 (N.D.N.Y. Sept. 30, 2025)............................................12, 16

*Milord-Francois v. New York State Off. of Medicaid Inspector Gen.*,
   635 F. Supp. 3d 308 (S.D.N.Y. 2022)....................................................................................12

*Mitchell v. Planned Parenthood of Greater New York, Inc.*,
   745 F. Supp. 3d 68 (S.D.N.Y. 2024)................................................................................10, 15

*Neitzke v. Williams*,
   490 U.S. 319 (1989)..................................................................................................................5

*Paupaw-Myrie v. Mount Vernon City Sch. Dist.*,
   653 F. Supp. 3d 80 (S.D.N.Y. 2023)........................................................................................7

*Postell v. Rochester City Sch. Dist.*,
   136 F. Supp. 3d 492 (W.D.N.Y. 2015) ..................................................................................11

*Qorrolli v. Metro. Dental Assocs.*,
   124 F.4th 115 (2d Cir. 2024) .................................................................................................10

*Richey v. New York City Transit Auth.*,
   No. 07-cv-3711 (SLT) (LB), 2008 WL 4185877 (E.D.N.Y. Sep. 9, 2008)................................8

*Ronen v. RedRoute, Inc.*,
 763 F. Supp. 3d 319 (E.D.N.Y. 2025) .....................................................................................10

*Satterfield v. United Parcel Serv., Inc.*,
 No. 00-7190, 2003 WL 22251314 (S.D.N.Y. Sept. 30, 2003) .................................................17

*Smith v. New York Presbyterian Hospital*,
 440 F.Supp.3d 303 (S.D.N.Y. 2020)........................................................................................15

*Stinson v. City Univ. of New York*,
 No. 17-3949, 2018 WL 2727886 (S.D.N.Y. June 6, 2018,.........................................................9

*Tufano v. One Toms Point Lane Corp.*,
 64 F. Supp. 2d 119 (E.D.N.Y. 1999), *aff'd,* 229 F.3d 1136 (2d Cir. 2000)...............................6

*Williams v. PMA Companies, Inc.*,
 564 F. Supp. 3d 32 (N.D.N.Y. 2021).........................................................................................9

*Ya-Chen Chen v. City Univ. of N.Y.*,
 805 F.3d 59 (2d Cir. 2015).........................................................................................................8

*Yu v. N.Y. City Hous. Dev. Corp.*,
 494 F. App'x 122 (2d Cir. 2012) ................................................................................................8

**Statutes**

N.Y.C. Admin. Code § 8-502(d).......................................................................................................7

N.Y. Exec. Law § 297(5) ..................................................................................................................7

Defendant Delta Air Lines Inc. ("Delta") respectfully moves this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing Plaintiff Shawanna Glover's: (a) First through Fourth and Seventh through Fifteenth Causes of Actions in their entirety; and (b) Fifth and Sixth Causes of Action for retaliation to the extent they are based on her race or age. For the reasons set forth below, these Causes of Action should be dismissed, with prejudice.

## I.    **PRELIMINARY STATEMENT**

Plaintiff's claims, as asserted in the Complaint, boil down to one essential principle: she does not believe that her career at Delta should have ended, and therefore there must be some nefarious and unlawful purpose behind Delta's actions. Plaintiff worked as a Delta Flight Attendant until she elected to retire in December 2022 rather than be terminated for her admittedly well-documented performance history, which included complaints from her fellow Flight Attendants. *See* Complaint ("Compl.") ¶¶ 19, 30, 38, 46, 50, 53, 78, 80. Rather than accept that her employment ended because of her own performance deficiencies, Plaintiff challenges Delta's decisions and claims that it discriminated and retaliated against her under 42 U.S.C. § 1981 ("Section 1981"), the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL"). Seeking to cover all bases, and without any facts supporting her subjective belief, Plaintiff asserts a series of inapplicable and time-barred legal theories to allege that her race, age, disability and ***approved*** requests to wear modified face coverings during the COVID-19 pandemic played a role in Delta's decisions to discipline and then terminate Plaintiff for her numerous and ongoing infractions. Plaintiff's claims are incurably defective from the face of the Complaint and should be dismissed at the outset.

First, even if accepted as true, the vast majority of Plaintiff's allegations are time-barred. The statute of limitations is four years for Plaintiff's Section 1981 claim and three years for her NYSHRL and NYCHRL claims. Accordingly, all allegations occurring before September 19,

1

2021 (Section 1981) or September 19, 2022 (all other claims) are time-barred. Those time-barred claims include her non-existent age claims, conclusory race-based allegations, and the overwhelming majority of Plaintiff's allegations related to her alleged disability and accommodation requests.

Second, even if Plaintiff's allegations are deemed timely (they are not), Plaintiff fails to assert any allegations that her age played any role in any decision Delta made or that she engaged in any protected activity relating to her age. Plaintiff does not even reference her age (or anyone else's) in the Complaint, let alone claim her age was a motivating factor in any of the alleged events or the basis of any hostile work environment. Therefore, Plaintiff's Fourteenth and Fifteenth Causes of Action for age discrimination under the NYSHRL and NYCHRL, and her Fourth through Ninth Causes of Action for retaliation and hostile work environment to the extent they are premised on her age, must be dismissed.

Third, Plaintiff's First through Ninth Causes of Action for race discrimination, hostile work environment and retaliation are equally bereft of any factual support. Plaintiff has only alleged sporadic, isolated and untimely instances in which race was purportedly a factor. But Plaintiff has not alleged any discriminatory treatment during the period of employment covered by her claims, and her conclusory allegations that she was harmed because of her race are nothing more than the "unadorned" allegations that the Supreme Court has explained are insufficient to state a claim. Moreover, Plaintiff has not alleged any facts showing that she engaged in any protected activity relating to her race or that any such activity was a motivating factor behind, or the but-for cause of, any adverse employment action she suffered.

Fourth, once Plaintiff's time-barred allegations are removed from the Complaint, there is no conduct suggestive of any discrimination, whether it be disability, race or age-based. Indeed,

the only timely allegations in the Complaint confirm that: (a) Delta engaged in the interactive process and approved Plaintiff's accommodation request; (b) Delta addressed Plaintiff's complaints regarding the accommodation process; and (c) Plaintiff's employment ended after yet another performance issue, this time relating to complaints about her conduct from her fellow Flight Attendants. Compl. ¶¶ 61-74 (Section 1981 only), 75-87 (all claims). Those Paragraphs are bereft of any allegation of discriminatory conduct by anyone at Delta for any reason and certainly do not meet the stringent standard for asserting a hostile work environment claim under any law. They further lack any inference that Plaintiff's complaints were related to anything other than her *approved* requests to wear different face coverings. Accordingly, Plaintiff's race and age-based claims, as well as her disability discrimination and hostile work environment claims, all fail.

For these reasons and as set forth further below, Delta respectfully requests that the Court dismiss with prejudice Plaintiff's (a) First through Fourth and Seventh through Fifteenth Causes of Actions in their entirety; and (b) Fifth and Sixth Causes of Action for retaliation to the extent they are based on her race or age.

## II.    **RELEVANT FACTUAL BACKGROUND**[1]

Plaintiff began working as a Flight Attendant for Delta in 1999. Compl. ¶ 19. Plaintiff alleges that she was diagnosed with asthma in 2016 and with a seizure disorder in January 2020. *Id.* ¶¶ 24-25.

In March 2020, the World Health Organization declared the COVID-19 outbreak a pandemic, resulting in the passage of mask mandates nation-wide and globally. *Id.* ¶ 27. After Plaintiff informed her supervisor that she may require an accommodation relating to wearing a mask, Plaintiff was provided with Delta's accommodation request form to initiate the

---

[1] The following factual allegations are taken from Plaintiff's Complaint, which are assumed to be true solely for purposes of this Motion.

accommodation process in May 2020. *Id.* ¶¶ 28-29. Plaintiff did not submit the accommodation request form until August 12, 2020, three months after receiving the form and several days after she received a written warning for failing to comply with Delta's mask policy. *Id.* ¶¶ 30-31. Thereafter, Delta representatives met with Plaintiff to discuss her accommodation request. *Id.* ¶¶ 32-34.

On August 8, 2021, Plaintiff suffered a fainting spell while working. *Id.* ¶ 61. Delta approved a short-term disability leave for Plaintiff and worked with her to clear her to return to work on January 4, 2022. *Id.* ¶¶ 59-62. After Plaintiff returned to work, she submitted a new accommodation request form that asked that she be allowed to wear an N95 mask instead of a face shield. *Id.* ¶ 67. Delta again met with Plaintiff to discuss her accommodation need and approved her request. *Id.* ¶¶ 68-69.

Plaintiff alleges that "[b]etween March and June 2022, [she] contacted Delta's Compliance Helpline…complaining of the ongoing discrimination, harassment, and failure to accommodate." *Id.* ¶ 71. She further alleges that in June 2022, she contacted Julie Childs "about the ongoing discrimination, harassment, and failure to accommodate" and then met with Andrea Misserian on August 22, 2022 "to discuss [Plaintiff's] complaints of ongoing discrimination, harassment, and failure to accommodate," which were subsequently investigated. *Id.* ¶¶ 72, 74-76.

On October 11, 2022, Plaintiff was suspended after Delta received complaints from other Flight Attendants about Plaintiff's actions on a flight. *Id.* ¶ 78. Several weeks late, Plaintiff's base leadership notified her that her employment was being terminated, though it provided her the option to elect to retire instead. *Id.* ¶¶ 80-81. Plaintiff chose retirement, ending her employment with Delta. *Id.* at ¶ 82.

III.    **RELEVANT PROCEDURAL BACKGROUND**

Plaintiff alleges that she filed a charge with the Equal Employment Opportunity Commission, which purportedly issued her a Notice of Right to Sue on July 24, 2025.[2]  *Id.* ¶ 17.

Plaintiff filed the instant Complaint on September 19, 2025, alleging the following Causes of Action: (1) Race Discrimination in Violation of Section 1981; (2) Race Discrimination in Violation of Executive Law § 296; (3) Race Discrimination in Violation of Administrative Code § 8-107; (4) Retaliation in Violation of Section 1981; (5) Retaliation in Violation of Executive Law § 296; (6) Retaliation in Violation of Administrative Code § 8-107; (7) Promotion of a Hostile Work Environment in Violation of Section 1981; (8) Promotion of a Hostile Work Environment in Violation of Executive Law § 296; (9) Promotion of a Hostile Work Environment in Violation of the Administrative Code § 8-101; (10) Disability Discrimination in Violation of the Executive Law § 296; (11) Disability Discrimination in Violation of Administrative Code § 8-107; (12) Perceived Disability Discrimination in Violation of the Executive Law § 296; (13) Perceived Disability Discrimination in Violation of Administrative Code § 8-107; (14) Age Discrimination in Violation of the Executive Law § 296; and (15) Age Discrimination in Violation of Administrative Code § 8-107.  Compl. ¶¶ 88-154.

IV.    **ARGUMENT**

The purposes of Federal Rule of Civil Procedure 12(b)(6) are to "streamline[] litigation by dispensing with needless discovery and factfinding" and eliminating baseless claims.  *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).  Thus, where the allegations in a complaint, however true, could not raise a claim of entitlement to relief, "this basic deficiency should…be exposed at the point of minimum expenditure of time and money by the parties and the court."  *Bell Atl. Corp. v.*

---

[2] Delta notes that the EEOC Notice of Rights is not Annexed to the Complaint as Exhibit A as indicated in the Complaint.  *See id.* ¶ 17.

*Twombly*, 550 U.S. 544, 558 (2007).  When presented with a motion to dismiss for failure to state a claim, the Court's inquiry is "whether the complaint contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Gamm v. Sanderson Farms, Inc.*, 944 F.3d 455, 462 (2d Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also* Fed R. Civ. P. 12(b)(6).  Although "a court must accept as true all of the allegations contained in a complaint," that "tenet" "is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*citing Twombly,* 550 U.S. at 555, 572).

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss," and "[d]etermining whether a complaint states a plausible claim for relief will […] be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.  That is to say, if it appears from the face of the complaint that a plaintiff cannot prove a set of facts that would entitle them to the relief sought, the court should dismiss the plaintiff's claims. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  Moreover, where a plaintiff alleges violations of a civil rights statute, the allegations in the complaint must contain specific violations and not merely "a litany of general conclusions that shock but have no meaning." *Tufano v. One Toms Point Lane Corp.*, 64 F. Supp. 2d 119, 123 (E.D.N.Y. 1999), *aff'd* 229 F.3d 1136 (2d Cir. 2000) (internal citation omitted).  As demonstrated herein, much of Plaintiff's Complaint does not meet these standards.

## A.    Plaintiff's Allegations Are Largely Time-Barred – Causes of Action One through Fifteen.

Plaintiff seeks to bring fifteen Causes of Action against Delta relating to her employment and separation therefrom.  In doing so, Plaintiff relies almost entirely on events that occur outside the applicable statute of limitations periods: (i) September 19, 2021 to the present for her 1981

6

claims; and (ii) September 19, 2022 to the present for all remaining claims. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382-83 (2004) (finding that the statute of limitations period for Section 1981 claims is four years); N.Y. Exec. Law § 297(5) (three years for NYSHRL discrimination and retaliation claims); N.Y.C. Admin. Code § 8-502(d) (same as NYSHRL).  For example, Plaintiff's initial "write-up for allegedly 'Not wearing a mask properly'" and corresponding "Corrective Action Notice" were both issued in August 2020, at least one year prior to any potentially applicable statute of limitations period.  Compl. ¶¶ 30, 35.  Similarly, all of Plaintiff's allegations regarding her accommodation requests and the alleged, corresponding retaliation occurred prior to September 19, 2022, including that:

- "On ***August 12, 2020***, Plaintiff's physician submitted a completed Accommodation Request form on her behalf." (*Id.* ¶ 31) (emphasis added);

- "On ***September 18, 2020***, while still on the CAP, Defendants purported to approve Plaintiff's reasonable accommodation request." (*Id.* ¶ 41) (emphasis added);

- "In fact, on ***October 25, 2020***, shortly after ***approving*** her reasonable accommodation, but before providing Plaintiff with a proper mask and/or face shield, Defendants issued Plaintiff another write-up for 'not wearing mask correctly.'" (*Id.* ¶ 46) (emphases added);

- "As a consequence for allegedly not wearing her mask properly…the latter placed Plaintiff on a second 25-month CAP on ***December 15, 2020***…." (*Id.* ¶ 50) (emphasis added);

- "Plaintiff was written up yet again on ***August 6, 2021*** for allegedly not wearing a mask properly…." (*Id.* ¶ 53) (emphasis added); and

- "In response to this modified request for a reasonable accommodation, Plaintiff met with Delta's Accommodation Team on ***January 31, 2022***.   The Accommodation Team again purported to approve her request by allowing her to wear an N95 face mask."

*Id.* ¶¶ 68-69 (emphasis added); *see generally* Compl. ¶¶ 18-74.  All of these allegations are time-barred and should be dismissed.  *See, e.g. Paupaw-Myrie v. Mount Vernon City Sch. Dist.*, 653 F. Supp. 3d 80, 95 (S.D.N.Y. 2023) (holding that "any discrete acts of discrimination or

retaliation…alleged to have occurred prior to" the statute of limitations for Section 1981 "are time-barred" and should not be considered); *Richey v. New York City Transit Auth.*, No. 07-cv-3711 (SLT) (LB), 2008 WL 4185877 (E.D.N.Y. Sep. 9, 2008) (dismissing Section 1981, NYSHRL and NYCHRL claims for failing to assert claims within the applicable statute of limitations period).

As a result, the only events raised in the Complaint that arguably fall within the applicable timeframes are: (a) for Plaintiff's Section 1981 claim, Delta's efforts to have Plaintiff return to work following her short-term disability leave and accommodate her request to wear a modified face covering (which was approved) (Compl. ¶¶ 61-74); and (b) for all claims, Plaintiff's suspension on October 11, 2022, and subsequent separation from employment following other Flight Attendants' complaints about Plaintiff's behavior during a flight. *Id.* ¶¶ 75-82. Nonetheless, for the reasons set forth below, both the time-barred and remaining allegations are wholly insufficient to survive Delta's motion to dismiss.

### B. Plaintiff Fails to State a Cause of Action for Any Age-Related Claim.

#### 1. *Plaintiff's Age Discrimination Claims Fail* – Causes of Action Fourteen and Fifteen.

To state a *prima facie* case of discrimination under the NYSHRL, Plaintiff must allege that (1) she is a member of a protected class, (2) she was qualified for her position, (3) she suffered an adverse employment action, and (4) the adverse action took place under circumstances giving rise to an inference of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Yu v. N.Y. City Hous. Dev. Corp.*, 494 F. App'x 122, 124 (2d Cir. 2012); *see also Ya-Chen Chen v. City Univ. of N.Y.,* 805 F.3d 59, 75–76 (2d Cir. 2015) (applying *McDonnell Douglas* framework to NYCHRL discrimination claims); *Felton v. Monroe Cmty. Coll.*, 579 F. Supp. 3d 400, 409 (W.D.N.Y. 2022) (dismissing discrimination claims under the NYSHRL because Plaintiff failed to allege facts suggesting discriminatory animus, such as derogatory statements or

8

remarks).  For purposes of her NYCHRL claim, Plaintiff must show that she "was treated less well than other employees because of a discriminatory intent.  That being said, the NYCHRL is not a general civility code, and the plaintiff still bears the burden of showing that the conduct is caused by a discriminatory motive."  *Stinson v. City Univ. of New York*, No. 17-3949, 2018 WL 2727886, at *6 (S.D.N.Y. June 6, 2018) (internal quotations and citations omitted) (dismissing Section 1981, NYSHRL and NYCHRL discrimination and hostile work environment claims because plaintiff did not assert facts suggesting an inference of discrimination or identify meaningful comparators).

Plaintiff's Complaint does not allege *any* facts relevant to her age discrimination claims, including her own age.  *See generally* Compl.  Regardless of Plaintiff's actual age, the Complaint is devoid of any allegation that any action or decision would give rise to an inference of age discrimination.  Plaintiff does not identify any alleged comparator who was treated differently than her because of their age, any Delta employee who took action against Plaintiff because of her age, or any comment made regarding Plaintiff's age.  Rather, all of the alleged misconduct relates solely to Plaintiff's alleged disabilities and Delta's response thereto.  Plaintiff's Fourteenth and Fifteenth Causes of Action should, therefore, be dismissed.  *See, e.g.*, *Coleman v. Erie Painting & Maint., Inc.*, No. 24-1239, 2025 WL 1331745, at *6-7 (N.D.N.Y. May 7, 2025) (dismissing age discrimination claim because, "even under [the] liberal NYCHRL standard, a plaintiff must still allege facts giving rise to a 'minimal inference of discriminatory motivation'"); *Williams v. PMA Companies, Inc.*, 564 F. Supp. 3d 32, 50-54 (N.D.N.Y. 2021) (age discrimination claim failed because plaintiff did not identify any younger employees who received favorable treatment).

### 2. *Plaintiff's Retaliation Claims Fail to the Extent They Are Premised on Her Age – Causes of Action Four through Six.*

Under Section 1981,[3] to present a *prima facie* case of retaliation, Plaintiff must show that (1) she participated in a protected activity (2) of which Delta knew, (3) that Delta subjected her to a materially adverse action, and (4) that a causal connection existed between the protected activity and the adverse action. *Mitchell v. Planned Parenthood of Greater New York, Inc.*, 745 F. Supp. 3d 68, 96, 103 (S.D.N.Y. 2024); *see also Davis v. New York City Dep't of Educ.*, 804 F.3d 231, 235 (2d Cir. 2015) (an "adverse employment action" must be "more disruptive than a mere inconvenience or alteration of job responsibilities" (internal citations omitted)). Under the NYSHRL and NYCHRL, "a plaintiff claiming retaliation must demonstrate that she took an action opposing her employer's discrimination and that, as a result, the employer engaged in conduct that was reasonably likely to deter a person from engaging in such action." *Qorrolli v. Metro. Dental Assocs.*, 124 F.4th 115, 122 (2d Cir. 2024) (internal quotations omitted). "[E]ven under the NYCHRL, a defendant is not liable if the plaintiff fails to prove the conduct is caused at least in part by discriminatory or retaliatory motives." *Ronen v. RedRoute, Inc.*, 763 F. Supp. 3d 319, 334-335 (E.D.N.Y. 2025) (internal quotation omitted) (dismissing claims of retaliation under the NYSHRL and NYCHRL because the plaintiff failed to show that discriminatory or retaliatory

---

[3] Plaintiff's Fourth and Seventh Causes of Action for retaliation and hostile work environment in violation of Section 1981 do not specify whether she is limiting them to race. It is well-settled that Section 1981 does not prohibit discrimination or retaliation on the basis of age or disability. *See, e.g.*, *Adams v. New York State Educ. Dep't*, 752 F. Supp. 2d 420, 470 (S.D.N.Y. 2010) ("it is settled that Section 1981 does not prohibit discrimination on the basis of gender or religion, national origin, or age" (internal quotations omitted)), *aff'd sub nom. Ebewo v. Fairman*, 460 F. App'x 67 (2d Cir. 2012); *Brailsford v. Zara USA, Inc.*, 2015 WL 1608214 (S.D.N.Y. Apr. 10, 2015) ("Zara's motion to dismiss the Section 1981 claims to the extent they allege discrimination based on national origin and disability is granted because Section 1981 prohibits discrimination only on the basis of race and ethnicity."). Nonetheless, for purposes of this Motion, Delta interprets Plaintiff's Fourth and Sixth Causes of Action to encompass claims for retaliation and hostile work environment relating to Plaintiff's age and disability.

motives were a "but-for cause or a motivating factor" in his termination); *see also Kellman v. Metropolitan Transp. Authority*, 8 F. Supp. 3d 351, 390 ("A defendant is not liable if the plaintiff fails to prove the conduct is caused at least in part by retaliatory motives, or if the defendant proves the conduct was nothing more than petty slights or trivial inconveniences." (internal quotations omitted)).

Plaintiff has not alleged any facts related to age or suggested that she engaged in protected activity by complaining about age discrimination while at Delta. Rather, Plaintiff's allegations solely relate to her alleged disabilities and accommodation requests. For example, Plaintiff alleges that she took actions "[b]ecause of Defendants' ongoing refusal to accommodate Plaintiff and their obvious intentions to harass and discriminate against her ***because of her disabilities***[.]" Compl. ¶ 66 (emphasis added). Those purported disability-related actions are what led Plaintiff to purportedly raise complaints of "ongoing discrimination, harassment, and failure to accommodate," not her age or race. *Id.* ¶¶ 71-76. As a result, to the extent Plaintiff's retaliation claims are based on her age, she failed "to state a claim to relief that is plausible on its face." *Gamm*, 944 F.3d at 462.

### 3. *Plaintiff's Hostile Work Environment Claims Fail to the Extent They Are Premised on Her Age – Causes of Action Seven through Nine.*

To establish a hostile work environment claim under Section 1981, Plaintiff must allege "that her workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of her employment and create an abusive working environment." *Postell v. Rochester City Sch. Dist.*, 136 F. Supp. 3d 492, 502 (W.D.N.Y. 2015) (internal quotations omitted). The conduct must be "severe or pervasive," "more than episodic or fleeting," and more than a "mere offensive utterance." *Id*. Under the NYSHRL and NYCHRL, Plaintiff "must show that the workplace is permeated with discriminatory intimidation,

11

ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment." *Milner-Koonce v. Albany City Sch. Dist.*, No. 21-1271, 2025 WL 2781578, at *9-10 (N.D.N.Y. Sept. 30, 2025) (finding that plaintiff's conclusory characterization of defendant's behavior as "harassment" and subjective claim that it made her uncomfortable was insufficient to show that the conduct created an abusive working environment); *see also Milord-Francois v. New York State Off. of Medicaid Inspector Gen.*, 635 F. Supp. 3d 308, 328 (S.D.N.Y. 2022) (under the NYCHRL, an employee must "demonstrate that [she…] was treated less well than other employees because of [a protected] characteristic"). "The conduct alleged must…exceed what a reasonable victim of discrimination would consider petty slights and trivial inconveniences"[4] and must be more than "isolated, minor acts or occasional episodes." *Benzinger v. Lukoil Pan Americas*, LLC, 447 F. Supp. 3d 99, 120 (S.D.N.Y. 2020).

Plaintiff's hostile work environment claims, to the extent they are premised on her age, fail for the same reason that her discrimination and retaliation claims do – she has not alleged any facts related to her age, let alone allegations that there was severe and pervasive age-based discrimination during her employment. Plaintiff, therefore, has not established, and cannot establish, an age-based hostile work environment. Her Seventh through Ninth Causes of Action, insofar as they are based on her age, should, therefore, be dismissed.

## C.    Plaintiff Fails to State a Cause of Action for Any Race-Related Claim.

Plaintiff similarly fails to state a cause of action for race discrimination or race-related retaliation or hostile work environment. Plaintiff's allegations concerning race are confined to three paragraphs of the Complaint (¶¶ 35-37), all of which relate to conduct that falls outside of the applicable statute of limitations periods. *See* Section IV.A, *supra.* Even if the claims are

---

[4] *Bilitch v. New York City Health & Hosps. Corp.*, 194 A.D.3d 999, 1003 (2021).

deemed timely (they are not), Plaintiff's barebones, conclusory allegations that simply identify her and other individuals' races are insufficient to support any race-related claim here.

### 1. *Plaintiff's Race Discrimination Claims Fail* – **Causes of Action One through Three.**

To state a *prima facie* case of race discrimination under Section 1981 and the NYSHRL, Plaintiff must allege that "(1) she is a member of a protected class, (2) she was qualified for the position she held, (3) she suffered an adverse employment action, and (4) the adverse action took place under circumstances giving rise to an inference of discrimination." *Belton v. Borg & Ide Imaging, P.C.*, 512 F. Supp. 3d 433, 441, 447 (W.D.N.Y. 2021) (dismissing race discrimination and retaliation claims under Section 1981 and the NYSHRL because Plaintiff failed to allege facts permitting an inference of discrimination). Even under the more liberal NYCHRL pleading standard, Plaintiff "still bears the burden of showing that [Delta's] conduct is caused by a discriminatory motive" and "that she had been treated less well at least in part *because of* her…protected characteristic. *Cooper v. Franklin Templeton Invs.*, 629 F. Supp. 3d 223, 233 (S.D.N.Y. 2022) (internal quotations omitted, emphasis in original), *aff'd sub nom. Cooper v. Franklin Templeton Invs.*, No. 22-2763, 2023 WL 3882977 (2d Cir. June 8, 2023). Plaintiff's allegations here fall far short of meeting her burden under either standard.

Plaintiff's race-based allegations here are limited to a one month period in August 2020 when she was disciplined for failing to comply with Delta's mask mandate. First, she claims that, on August 20, 2020, she was placed on an 18-month CAP for failure to wear a mask, while an unnamed non-Black coworker who was also not wearing a mask was not reprimanded. Compl. ¶¶ 35-36. Second, she alleges that "several [unidentified] non-Black" Flight Service Managers "repeatedly harassed Plaintiff about the mask, despite being made aware of her medical restriction," while male, Caucasian Flight Attendants were not harassed for not wearing their

13

masks correctly.  Compl. ¶ 37.  These isolated incidents, bereft of any inference of discriminatory motive, are wholly insufficient.

As a preliminary matter, Courts in the Second Circuit have found that being criticized and disciplined are not, by themselves, evidence of discrimination and fall far short of showing a discriminatory animus.  *See, e.g. Edwards v. New York State Unified Ct. Sys.*, No. 12-46, 2012 WL 6101984, at *4 (S.D.N.Y. Nov. 20, 2012); *Brown v. Wetz*, No. 18-11178, 2021 WL 964922, at *13 (S.D.N.Y. Mar. 15, 2021) (dismissing Section 1981 and NYSHRL race discrimination and hostile work environment claims against employer); *see also Bennett v. Watson Wyatt & Co.*, 136 F. Supp. 2d 236, 248 (S.D.N.Y. 2001), *aff'd in part, appeal dismissed in part*, 51 F. App'x 55 (2d Cir. 2002) (holding that "reprimands, threats of disciplinary action and excessive scrutiny do not constitute adverse employment actions").  For instance, in *St. Jean v. United Parcel Serv. Gen. Serv. Co.*, the plaintiff, who received written warnings and was suspended and ultimately terminated for his repeated violations of company policies, alleged that he was being "singled out" for enforcement and treated "unfairly" as a Black man.  No. 09-3782, 2012 WL 71843, at *3, *11 (E.D.N.Y. Jan. 10, 2012), *aff'd*, 509 F. App'x 90 (2d Cir. 2013).  The Court, however, found that "merely arguing that his supervisors were 'harassing him'" with disciplinary measures "in no way creates an inference that the behavior was based on race" and, thus, dismissed plaintiff's Section 1981, NYSHRL and NYCHRL race discrimination claims.  Plaintiff's claims here fall well beyond those asserted in the *St. Jean* case.

Further, "[c]onclusory allegations of discrimination are insufficient to show that a defendant's non-discriminatory reasons are pretexts."  *Felton v. Monroe Cmty. Coll.*, 579 F. Supp. 3d 400, 409 (W.D.N.Y. 2022) (dismissing race and hostile work environment claims under Section 1981 and the NYSHRL because Defendant had a legitimate business reason for terminating

14

Plaintiff's employment). Plaintiff must do more than assert vague and conclusory allegations of discrimination to avoid having her claims dismissed for failing to state a cause of action. For example, in *Mitchell v. Planned Parenthood*, the Court dismissed Section 1981, NYSHRL, and NYCHRL race and age discrimination and hostile work environment claims in part because the plaintiff failed to adequately allege causation or identify proper comparators. *Mitchell*, 745 F. Supp. 3d at 94. While the *Mitchell* plaintiff alleged that he, as a Black man, was sometimes critiqued for issues like his "aggressive" tone in professional communications more harshly than a White woman with whom he worked, the court held that claim by itself "evince[d], at most, some degree of hypocrisy" and fell short of the level of discriminatory animus. *Id*. Moreover, the court noted that the plaintiff's causality argument was especially weak because, as here, there was a "long gap in time" between the scattered anecdotes of differing treatment and the subsequent termination of the plaintiff's employment. *Id.* at 95.

Plaintiff's allegations are similarly insufficient to show that she was treated differently because of her race in any fashion. Her First through Third Causes of Action should, thus, be dismissed.

2.    ***Plaintiff's Retaliation Claims Fail to the Extent They Are Premised on Her Race – Causes of Action Four through Six.***

Similar to her age-based retaliation claim, Plaintiff has failed to assert any allegations supporting a race-based retaliation claim. Again, Plaintiff's allegations are wholly focused on Delta's alleged failure to accommodate her disabilities and Plaintiff's corresponding complaints, not her race. She does not claim that she engaged in any protected activity relating to her race, nor that she was disciplined and/or terminated because of her race. Plaintiff's failure to plead even the most baseline allegations of race retaliation precludes her Fourth through Sixth Causes of Action from proceeding under any law. *See, e.g.*, *Smith v. New York Presbyterian Hospital*, 440

15

F.Supp.3d 303, 344 (S.D.N.Y. 2020) (a retaliation claim that fails to allege connection between protected activities and alleged retaliatory conduct must fail because the "crux of any retaliation claim is a cause-and-effect relationship whereby protected activity precedes, and gives rise to, an adverse employment action" (internal citations omitted)).

### 3. *Plaintiff's Hostile Work Environment Claims Fail to the Extent They are Premised on Her Race* **– Causes of Action Seven through Nine.**

As noted above, Plaintiff's mere reference to her and others' races is insufficient to give rise to a race discrimination claim. Those same conclusory allegations surely cannot support a claim that Plaintiff's workplace was purportedly "permeated with discriminatory intimidation, ridicule, and insult." *See, e.g.*, *Milner-Koonce*, 2025 WL 2781578, at \*9-10; *Davis-Bell v. Columbia Univ.*, 851 F. Supp. 2d 650, 671 (S.D.N.Y. 2012) (dismissing hostile work environment under Section 1981, the NYSHRL, and the NYCHRL claims because alleged conduct, including being cursed and yelled at and accused of misconduct, occurred sporadically and "did not materially alter Plaintiff[']s day-to-day working conditions," meaning it was "neither severe, pervasive, nor a combination of both"); *Kugel v. Queens Nassau Nursing Home Inc.*, 568 F. Supp. 3d 253, 258 (E.D.N.Y. 2021) (dismissing NYSHRL and NYCHRL hostile work environment claims because alleged conduct "occurred intermittently through sporadic" interactions and, therefore, did "not rise to the level of pervasiveness required to state a hostile work environment claim). Even accepting Plaintiff's allegations as true, those isolated incidents from August 2020 are not only-time barred but also insufficient to support a race-based hostile work environment claim here and should be dismissed. *See, e.g.*, *Benzinger*, 447 F. Supp. 3d at 120; *Baptiste v. City Univ. of New York*, 680 F. Supp. 3d 415, 422 (S.D.N.Y. 2023) (finding Plaintiff had failed to allege discriminatory motive where, "conclusory assertions of race discrimination aside," Plaintiff's "theory of [the] case" did not logically link race to any of her coworkers' complained-of actions).

16

**D.** **Plaintiff's Timely Allegations Fail to State a Cause of Action for Hostile Work Environment or Discrimination – Causes of Action One through Three and Seven through Thirteen.**

As noted above, once Plaintiff's time-barred claims are excluded, the only events raised in the Complaint that fall within the applicable timeframes are: (a) for Plaintiff's Section 1981 claim, the interactive process surrounding Plaintiff's alleged accommodation request, which led to her being approved to wear an N95 face mask (Compl. ¶¶ 61-74); and (b) for all claims, Plaintiff's colleagues' complaint about her that led to her suspension and subsequent separation from employment. Compl. ¶¶ 75-82. Even as to these claims, Plaintiff still fails to tie them to any discriminatory motive. *See e.g. Satterfield v. United Parcel Serv., Inc.*, No. 00-7190, 2003 WL 22251314 (S.D.N.Y. Sept. 30, 2003) (finding discrimination claims failed where Plaintiff failed to show discriminatory motive).

With respect to the Section 1981 statute of limitations period, Plaintiff's only allegations are that the face shields created by Plaintiff were rejected (Compl. ¶¶ 63-65) and that she was placed on another corrective action notice in March 2022. Comp. ¶ 70. Plaintiff does not allege that she was asked to create the face shields because of her race (the only claim covered by Section 1981) or that doing so imposed a significant hardship on her or altered her working conditions. Rather, it was a task related to her ***approved*** accommodation request, that, at worst, was the type of "mere inconvenience" or annoyance that the Second Circuit has consistently held falls short of a hostile work environment. *Davis*, 804 F.3d at 235.

Plaintiff similarly fails to allege that her placement on another corrective action notice was motivated by her race or any other protected category. Instead, she states simply that it was "a condition to be allowed to return to work" following her disability leave. Compl. ¶ 70; *see Baptiste*, 680 F. Supp. 3d at 422 (finding a plaintiff must allege that the objectionable conduct was motivated by discriminatory motives).

17

Plaintiff's remaining allegations during the three-month period preceding her separation from employment (*i.e.*, the applicable period for her age and disability claims) are equally insufficient to establish any of her claims. As noted above, in order to state a *prima facie* case of discrimination, Plaintiff must allege, *inter alia*, that she suffered an adverse employment action in a manner that gives rise to an inference of discrimination. *Felton*, 579 F. Supp. 3d at 409. Plaintiff's Complaint is devoid of any allegation during the applicable time period that any of Delta's actions occurred because of her race, age, alleged disability or accommodation request. She does not claim, for example, that she was subject to any comments related to her alleged disability (or, as noted above, age or race), that other non-disabled, non-Black or younger/older Flight Attendants were treated differently or that she was denied any rights or privileges because of any protected characteristic. Nor could she, as she admits that Delta ***approved*** her accommodation request nine months prior to her separation from employment. *See* Compl. ¶¶ 68-69. And by failing to allege even isolated, minor discriminatory acts during this three month period, Plaintiff certainly cannot claim she was subject to a hostile work environment. Plaintiff has, therefore, failed to state a plausible claim for discrimination or hostile work environment under any law and with respect to any protected characteristic, including her disability.

Further, while Plaintiff was suspended and ultimately separated from employment, that alone is insufficient to meet her burden without any allegations inferring that her disability played any role in Delta's decisions. Rather than raise such allegations, Plaintiff actually acknowledges that Delta's stated reason for her suspension and separation was a "complaint by other crew members from a flight that Plaintiff was assigned to," which she claims they made "to retaliate against her for engaging in protected activities." Compl. ¶¶ 78-79. That is, she claims that her fellow Flight Attendants, ***not*** Delta, fabricated complaints about Plaintiff's behavior in order to

18

retaliate against her for unexplained reasons – *e.g.*, she does not claim that she had complained about them previously and they were getting "revenge" or that they were otherwise involved in any decision-making regarding Plaintiff's accommodation requests or employment.  But even if the "fabrication" was Delta's, merely making a conclusory statement that Delta's non-discriminatory reason for its decision was a "fabrication" is insufficient to give rise to a discrimination claim.  *See Felton*, 579 F. Supp. 3d at 409 ("[c]onclusory allegations of discrimination are insufficient to show that a defendant's non-discriminatory reasons are pretexts"); *Iqbal,* 556 U.S. at 678 ("mere conclusory statements[] do not suffice" to state a cause of action).

In the end, Plaintiff fails to allege that any of Delta's actions during the applicable time periods (whether related to her colleagues' complaint or otherwise) occurred because of her alleged disability, race, age, or accommodation request.  Accordingly, Plaintiff's Causes of Action One through Three and Seven through Fifteen should be dismissed.

## V.    <u>CONCLUSION</u>

For the foregoing reasons, Defendant respectfully requests that this Court dismiss with prejudice Plaintiff's (a) First through Fourth and Seventh through Fifteenth Causes of Actions in their entirety; and (b) Fifth and Sixth Causes of Action for retaliation to the extent they are based on her race or age.

Respectfully submitted,

Dated: November 6, 2025                         MORGAN, LEWIS & BOCKIUS LLP
New York, New York

By: */s/ Brendan T. Killeen*
  Brendan T. Killeen
  Abigail V. Greene
  101 Park Avenue
  New York, NY 10178-0060
  +1.212.309.6000
  +1.212.309.6001
  brendan.killeen@morganlewis.com
  abigail.greene@morganlewis.com

*Attorneys for Defendant Delta Air Lines Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed electronically and

served on all counsel of record this 6th day of November, 2025, via the Court's ECF/CM system.

*/s/ Abigail V. Greene*
Abigail V. Greene