**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178-0060
Tel.:   (212) 309-6000
Fax:    (212) 309-6001

Attorneys for Defendant Delta Air Lines Inc.

UNITED STATES U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAWANNA GLOVER,<br><br>               Plaintiff,<br><br>     -against-<br><br>DELTA AIR LINES INC., et al,<br><br>              Defendants. | Case No. 1:25-cv-05263-DLI-CHK<br><br>November 6, 2025 |

## **DEFENDANT DELTA AIR LINES INC.'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO PARTIALLY DISMISS PLAINTIFF'S COMPLAINT**

# **Table of Contents**

**Page**

I.      Introduction ........................................................................................................................ 1

II.     Plaintiff's Allegations Are Largely Time-Barred. ............................................................. 2

      A.      Tolling Does Not Save Plaintiff's Untimely Allegations. ...................................... 2

      B.      The Continuing Violations Doctrine Does Not Save Plaintiff's Untimely
             Allegations ............................................................................................................... 4

III.    Plaintiff Fails to State Any Age-Based Claim. .................................................................. 5

IV.    Plaintiff Fails to State Any Race-Based Claim. ................................................................. 6

V.     Plaintiff's Timely Allegations Fail to State Disability-Based Hostile Work Environment
      or Discrimination Claims. .................................................................................................. 9

VI.    Conclusion ....................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456 (2d Cir. 2001) ............................................. 6

*Alston v. Microsoft Corp.*, No. 08-3547, 2009 WL 1116360 (S.D.N.Y. Apr. 27, 2009)............... 3

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......................................................................................... 6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................................... 6

*Bennett v. Watson Wyatt & Co.*, 136 F. Supp. 2d 236 (S.D.N.Y. 2001) ....................................... 10

*Blige v. City Univ. of N.Y.*, No. 15-08873, 2017 WL 498580 (S.D.N.Y. Jan. 19, 2017)................ 7

*Cooper v. Franklin Tempelton Invs.*, 629 F.Supp. 3d 223 (S.D.N.Y. 2022), *aff'd sub nom.*
*Cooper v. Franklin Templeton Invs.*, No. 22-2763, 2023 WL 3882977 (2d Cir. June 8, 2023). 7

*Cruz v. Coach Stores, Inc.*, 202 F.3d 560 (2d Cir. 2000) .............................................................. 10

*D'Cunha v. Genovese/Eckerd Corp.*, 479 F.3d 193 (2d Cir. 2007)................................................. 6

*De la Cruz v. N.Y.C. Human Resources Admin. Dep't of Soc. Servs.*, 82 F.3d 16 (2d Cir. 1996) . 6

*Elmenayer v. ABF Freight Sys., Inc.*, 318 F.3d 130 (2d Cir. 2003)................................................. 4

*Evans v. City of New York*, No. 00-4197, 2003 WL 22339468 (S.D.N.Y. Oct. 14, 2003)........... 10

*Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454 (1975)............................................................. 2

*Koonce v. Whole Foods Market Group, Inc.*, No. 22-10418, 2023 WL 8355926 (S.D.N.Y. Dec.
1, 2023) ............................................................................................................................................ 9

*Lavender v. Verizon N.Y., Inc.*, No. 17-6687, 2023 WL 1863245 (E.D.N.Y. Feb. 9, 2023) .......... 4

*Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002)......................................................... 4

*Shin v. NBC Universal Media, LLC*, No. 23-10996, 2025 WL 438297 (S.D.N.Y. Feb. 7, 2025).. 3

*Taylor v. City of New Haven*, No. 22-533, 2023 WL 2456706 (D. Conn. Mar. 10, 2023) ............ 3

*Valtchev v. City of New York*, 400 F. App'x 586 (2d Cir. 2010)..................................................... 4

## I.    <u>INTRODUCTION</u>[1]

As Delta demonstrated in its opening brief, Plaintiff's Complaint is replete with untimely and conclusory accusations and allegations that are utterly lacking in factual support. Plaintiff's Opposition to Delta's Motion to Dismiss ("Opposition" or "Opp.") suffers from the same flaws.

Plaintiff tries to save her time-barred allegations by arguing that the applicable statute of limitations should be tolled by her EEOC Charge or extended under the continuing violations doctrine. However, Plaintiff does not allege any facts regarding the Charge that would permit the Court to determine whether and how to apply tolling. Nor do her allegations demonstrate an ongoing, unlawful practice warranting the application of the continuing violations doctrine. The vast majority of Plaintiff's allegations are therefore time-barred and should be dismissed on those grounds alone.

Nonetheless, even if the statute of limitations periods are tolled, Plaintiff's Complaint still fails to state plausible claims for relief whether based on age, race, or disability. Even in Opposition, Plaintiff continues to rely on alleged lenient pleading standards and unadorned "the defendant harmed me" accusations rather than identifying factual assertions that plausibly support her claims. Her reliance on the faulty syllogism that she is over 40, Black and/or disabled and something bad purportedly happened to her at work and, therefore, it must have happened because of her age, race, and/or disability, is insufficient to avoid dismissal of her claims. No matter what the standard, Plaintiff's discrimination claims – under the Federal, State and City laws – fail because she does not identify facts from which it could be inferred that the challenged acts and decisions occurred under circumstances suggesting discrimination or created a hostile work environment, whether on the basis of age, race, or disability, alone or taken together. Plaintiff's

---

[1] All abbreviated and capitalized terms shall be given the same meaning as in Delta's opening brief. Dkt. No. 10-1 ("Mem.").

age and race-based retaliation claims suffer from similar flaws – Plaintiff failed to identify that she complained about age or race discrimination and cannot identify facts connecting her alleged protected activity to Delta's decision to suspend and terminate her employment after her fellow flight attendants complained about her behavior.

Accordingly, for the reasons set forth in Delta's moving brief and addressed further below, Delta respectfully requests that this Court dismiss with prejudice Plaintiff's (a) First through Fourth and Seventh through Fifteenth Causes of Action in their entirety; and (b) Fifth and Sixth Causes of Action for retaliation to the extent they are based on her race or age.

## II.    PLAINTIFF'S ALLEGATIONS ARE LARGELY TIME-BARRED.

Aware that the majority of her allegations are clearly time-barred, Plaintiff tries to avoid dismissal by claiming that the statute of limitations for her NYSHRL and NYCHRL claims were: (1) tolled by the filing of her EEOC charge;[2] and (2) delayed pursuant to the continuing violations doctrine.  Both arguments fail to save her untimely claims.

### A.    Tolling Does Not Save Plaintiff's Untimely Allegations.

Plaintiff is correct that the statute of limitations period for NYSHRL and NYCHRL claims may be tolled during the pendency of an EEOC proceeding, but she fails to identify the claims she raised in her Charge or the date she filed the Charge, thereby preventing the Court from determining the claims to which tolling may apply and for how long.  The only information Plaintiff provides is that the EEOC closed her Charge on July 24, 2025 because it "was not filed within the time limits under the law." Dkt. No. 13-3.  That is, Plaintiff's claim was closed because she "waited too long after the date of the alleged discrimination to file [her] charge." *Id.* Plaintiff nonetheless seeks to benefit from her own pleading failures (both here and at the EEOC) and for

---

[2] The Supreme Court has held Section 1981 claims are not tolled by the filing of an EEOC Charge. *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454 (1975).

all claims, not just those asserted in her Charge.  But, even with that benefit, the vast majority of Plaintiff's allegations remain untimely.

Upon being filed with the EEOC, similar to when a case is filed in Court, an EEOC Charge is provided a Charge Number, which includes the fiscal year (October 1 through September 30) in which it was filed.  *See* Exhibit A to the Declaration of Brendan T. Killeen at pp. 10-11 ("Inquiry numbers follow the format of three numeric digits reflecting the office code originating the charge, four digits reflecting the fiscal year of the initial entry in IMS[.]"); *see also Taylor v. City of New Haven*, No. 22-533, 2023 WL 2456706, at \*3 (D. Conn. Mar. 10, 2023) (finding that the charge number's middle four digits indicated the fiscal year it was filed); *Alston v. Microsoft Corp.*, No. 08-3547, 2009 WL 1116360, \*5 (S.D.N.Y. Apr. 27, 2009) (same).

Here, Plaintiff's EEOC Charge number is 520-**2025**-06382 indicating that the Charge was filed, at the earliest, as of October 1, 2024 (*i.e.*, the first day of fiscal year 2025).  Therefore, at most, the statute of limitations for her NYSHRL and NYCHRL claims would be tolled for 297 days (from October 1, 2024 through July 24, 2025) with the period beginning November 27, 2021 instead of September 19, 2022, ***only if*** Plaintiff had raised the underlying race, age, and disability claims in the Charge.  *See, e.g.*, *Shin v. NBC Universal Media, LLC*, No. 23-10996, 2025 WL 438297, at \*11 (S.D.N.Y. Feb. 7, 2025) (finding the statute of limitations is not tolled for NYCHRL claims not raised in an EEOC Charge).  The only allegations during that time period relate to the interactive process surrounding Plaintiff's alleged accommodation request, which led to her being approved to wear an N95 face mask.  *See* Mem. at 7-8, 17.  Plaintiff's remaining allegations relating to events occurring prior to September 19, 2021 (Section 1981) and November 17, 2021 (NYSHRL and NYCHRL) are time-barred and should be dismissed.  *Id.* at 6-8.

B.  **The Continuing Violations Doctrine Does Not Save Plaintiff's Untimely Allegations**

Plaintiff's continuing violations doctrine argument is similarly unavailing.  "[T]he continuing violation doctrine is heavily disfavored in the Second Circuit and courts have been loath to apply it absent a showing of compelling circumstances." *Lavender v. Verizon N.Y., Inc.*, No. 17-6687, 2023 WL 1863245, at \*13 (E.D.N.Y. Feb. 9, 2023).  It does not apply to discrete acts, but rather where a "'practice' converts related discrete acts into a single unlawful practice." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 111 (2002); *see also Valtchev v. City of New York*, 400 F. App'x 586, 589 (2d Cir. 2010) (finding continuing violations doctrine did not apply because the events alleged by plaintiff "did not constitute anything other than discrete acts").

Here, Plaintiff fails to identify a single discriminatory policy or practice that was continuously employed against her.  Rather, she describes separate and discrete events of alleged discrimination and retaliation that were perpetrated by different, and often unidentified, actors and for different reasons – for example, that she was harassed about the mask by "several non-Black FSM[s]" in or around August 2020 purportedly because of her race (Opp. at 20) and was forced to retire by other managers because of her age two years later (*Id.* at 13-14; Compl. ¶ 80).  Even with respect to her theory that she "was not accommodated each day of her final 31-month[s] of employment" (Opp. at 10), Plaintiff cannot establish that the continuing violations doctrine applies, because Delta's alleged rejections of her accommodation requests in September 2020 and January 2022 (Compl. ¶¶ 41, 68) are quintessential discrete acts that do not trigger the doctrine. *See, e.g.*, *Lavender*, 2023 WL 1863245, at \*14 (holding that plaintiff's argument that accommodation requests were in the process of being considered before being "fully rejected" did "not implicate the continuing violation doctrine"); *Elmenayer v. ABF Freight Sys., Inc.*, 318 F.3d 130, 134-35 (2d Cir. 2003) (holding that "[o]nce the employer has rejected the proposed

4

accommodation, no periodic implementation of that decision occurs[.]  The rejection of a proposed accommodation is a single completed action when taken, quite unlike the 'series of separate acts' that constitute a hostile work environment and 'collectively constitute' an unlawful employment practice") (cleaned up).  Accordingly, whether examining Plaintiff's age, race, and disability allegations individually or collectively, Plaintiff failed to demonstrate a "continuous practice and policy of discrimination" warranting the application of the continuing violations doctrine.

### III.    <u>PLAINTIFF FAILS TO STATE ANY AGE-BASED CLAIM.</u>

In a futile effort to save her age-related claims, Plaintiff argues that a single statement made during the meeting in which she was offered the opportunity to "retire because she is more 'senior' and had enough years of service with Delta" instead of being terminated (Opp. at 13-14) is sufficient to plead and support age-based discrimination, hostile work environment, and retaliation claims.  Plaintiff is wrong.

Plaintiff's lone allegation falls far short of meeting her burden under even the most lenient pleading standard.  Putting aside that the alleged statement clearly informed her that she was retirement eligible because of her seniority and was not a commentary on her age, it is the only age-related allegation in the entire Complaint and, standing alone, does not come close to demonstrating that: (a) her termination "took place under circumstances giving rise to an inference of age discrimination"; (b) she "was treated less well than other employees" because of her age; or (c) "her workplace was permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of her employment and create an abusive environment."  *See* Mem. at 8-9, 11-12.  Even accepting that Plaintiff's age would render her a member of a protected class – again, Plaintiff failed to plead her age in the Complaint – Plaintiff does not allege that she was treated differently than others because of her age.

5

The cases Plaintiff cites only highlight the deficiencies in her own pleadings.  A plaintiff must do more than simply identify their age to state an age discrimination claim, such as by alleging she was passed over for promotion in favor of a younger employee (*D'Cunha v. Genovese/Eckerd Corp.*, 479 F.3d 193 (2d Cir. 2007)), that she was replaced by a younger employee (*De la Cruz v. N.Y.C. Human Resources Admin. Dep't of Soc. Servs.*, 82 F.3d 16 (2d Cir. 1996)), or that a seniority system was unfairly applied (*Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456 (2d Cir. 2001)).  Plaintiff's failure to plead any such facts here is fatal to her age discrimination and hostile work environment claims.  Plaintiff may not simply cite her age and recite the elements of a cause of action to bring such claims.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007)).

As for Plaintiff's retaliation claim, she does not allege anywhere in the Complaint or in her Opposition that she ever complained to anyone at Delta regarding age discrimination.  To the contrary, she now argues that, "due to the obvious discrimination and harassment against Plaintiff ***because of her disabilities, failure to accommodate, and her race***, Plaintiff contacted Delta's Compliance Helpline," (Opp. at 15 (emphasis added)), notably omitting her age.  Because Plaintiff does not allege any facts even suggesting that she engaged in protected activity by complaining about age discrimination, her age retaliation claims must be dismissed.

## IV.    PLAINTIFF FAILS TO STATE ANY RACE-BASED CLAIM.

As set forth in Delta's moving brief, Plaintiff fails to state a cause of action for race discrimination or race-related hostile work environment or retaliation.  *Mem.* at 12-16.  Plaintiff's attempts to save her race-based claims fall flat, as she merely recites the applicable standards for such claims and attempts to create something out of nothing.

With respect to her race discrimination claims, Plaintiff states in conclusory fashion that she "put forward sufficient facts and allegations to show that similarly situated non-Black co-

workers were treated more favorably." Opp. at 22. In doing so, Plaintiff concedes that her allegations concerning race discrimination and hostile work environment are confined to two paragraphs relating to alleged conduct occurring in August 2020. *Id.* (citing Compl. ¶¶ 36-37). As noted above, even if tolling were to apply, these allegations still fall far outside the applicable statute of limitations periods for her Section 1981, NYSHRL, and NYCHRL claims and are insufficient to establish an ongoing, unlawful employment practice warranting application of the continuing violation doctrine. *See supra* Section II.

Nonetheless, even if Plaintiff's race-based allegations were deemed timely, Plaintiff fails to rebut Delta's argument that she did not raise any allegation that her race played a role in any manager's decision or act. Nor does she point to a single fact regarding the alleged comparators besides their race, as her Complaint is devoid of a single reference to anyone's identity, job performance, or responsibilities. *See, e.g.*, *Blige v. City Univ. of N.Y.*, No. 15-08873, 2017 WL 498580, at *9 (S.D.N.Y. Jan. 19, 2017) ("Numerous courts within the Second Circuit have granted motions to dismiss disparate treatment claims where the complaint was entirely devoid of any details regarding the purported comparators, *e.g.*, who they are, what their positions or responsibilities were at the company, how their conduct compared to plaintiffs' or how they were treated differently by defendants."). Even under the most liberal pleading standard, Plaintiff must, at a minimum, plead that she was treated less well at least in part because of her race. *See, e.g. Cooper v. Franklin Tempelton Invs.*, 629 F.Supp. 3d 223, 233 (S.D.N.Y. 2022), *aff'd sub nom. Cooper v. Franklin Templeton Invs.*, No. 22-2763, 2023 WL 3882977 (2d Cir. June 8, 2023) (granting motion to dismiss because, "[e]ven under the lower pleading standard set by the NYCHRL, Plaintiff has failed to plausibly plead that she was fired 'because of' her race or gender, or present 'any facts that would give rise to such a connection.'"). She cannot meet that burden

7

by simply stating that her race was different than that of the alleged wrongdoers or comparators. *See also* Mem. at 14-15 (citing cases).

Plaintiff similarly offers no factual allegations to support her hostile work environment theory, failing to identify any race-based conduct or comments sufficient to plausibly plead such a claim. Rather, she relies on the same conclusory allegations from August 2020 and tries to bolster her claim by citing to her limited allegations regarding age and disability discrimination. *See* Opp. at 17-19. But, even if taken together and accepted as true, those isolated and episodic allegations do not demonstrate that Plaintiff endured systemic and pervasive discrimination on any basis, let alone because of her race. Plaintiff has, therefore, failed to plead that her "workplace was permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of [her] work environment." Opp. at 17.

Plaintiff's race-based retaliation claim is similarly reliant on generalized allegations and legal conclusions without supporting facts. Plaintiff argues for the first time in the Opposition that she contacted Delta's Compliance Helpline "due to the obvious discrimination and harassment against Plaintiff because of her disabilities, failure to accommodate, ***and her race***." Opp. at 15 (emphasis added). Notably, that statement is not accompanied by a cite to the Complaint, nor could it be – the Complaint is devoid of any facts even hinting that she complained about race discrimination. Instead, the Complaint states that Plaintiff took actions "[b]ecause of Defendants' ongoing refusal to accommodate Plaintiff and their obvious intentions to harass and discriminate against her ***because of her disabilities***[.]" Compl. ¶ 66 (emphasis added). Those purported disability-related actions are what led Plaintiff to raise complaints, not alleged statements made by non-Black FSMs almost two years prior, and Plaintiff should not be permitted to re-write her pleadings now to avoid dismissal.

8

## V.    PLAINTIFF'S TIMELY ALLEGATIONS FAIL TO STATE DISABILITY-BASED HOSTILE WORK ENVIRONMENT OR DISCRIMINATION CLAIMS.

As noted above, even with tolling, the only timely events raised in the Complaint relate to the interactive process surrounding her N95 accommodation request (which was approved) and her colleagues' complaint about her that ultimately led to her suspension and termination. Compl. ¶¶ 61-82. Even if accepted as true, Plaintiff's allegations, whether limited to her disability or expanded to include her sparse age- and disability-based allegations, fail to plausibly plead that she suffered an adverse employment action in a manner that gives rise to an inference of disability discrimination, let alone that her work environment was "permeated with discriminatory intimidation." Try as she might in Opposition, Plaintiff cannot fix these pleading deficiencies.

As an initial matter, it is axiomatic, as Plaintiff acknowledges (ECF No. 13, p. 21), that a failure to accommodate claim requires an accommodation to be denied. *See Koonce v. Whole Foods Market Group, Inc.*, No. 22-10418, 2023 WL 8355926, at \*5-6 (S.D.N.Y. Dec. 1, 2023) (dismissing failure to accommodate claim because plaintiff failed to allege defendant refused to make reasonable accommodations). Here, Plaintiff implies that Delta did not actually approve her request to wear an N95 mask in January 2022. Opp. at 2. However, she does not identify a single allegation indicating that her request was denied, such as claiming that she was not permitted to wear the mask following approval or was harassed for doing so. Moreover, she does not identify a single comment regarding her disability or accommodation request or comparator who was treated differently. Accordingly, Plaintiff has not and cannot state a claim for failure to accommodate or disability discrimination.

Plaintiff's sparse allegations are also insufficient to support a hostile work environment claim even if her entirely Complaint is treated as timely (which it is not). In addition to lacking any discriminatory comments, Plaintiff's allegations primarily relate to ongoing performance

9

management, which courts in the Second Circuit have consistently found cannot form the basis of a hostile work environment claim. *See, e.g., Bennett v. Watson Wyatt & Co.*, 136 F. Supp. 2d 236, 248 (S.D.N.Y. 2001) (holding that "threats of disciplinary action and excessive scrutiny do not constitute adverse employment actions"). Nonetheless, as reflected in the cases Plaintiff cites, the alleged conduct here falls far short of the bar for pleading a hostile work environment claim. For instance, in *Evans v. City of New York*, the plaintiff submitted an affidavit stating that his supervisor made several racist statements both during his employment and after plaintiff filed a discrimination complaint. No. 00-4197, 2003 WL 22339468, at *6 (S.D.N.Y. Oct. 14, 2003). Similarly, in *Cruz v. Coach Stores, Inc.*, the plaintiff alleged that a supervisor at her store repeatedly made "loud racial comment[s]," including the use of slurs and "racial epithets"; made similarly offensive repeated comments about women; and stood excessively close to women, sometimes forcing them into the wall. 202 F.3d 560, 570-571 (2d Cir. 2000). Plaintiff has made no similar allegations and has failed, therefore, to state a plausible claim for hostile work environment under any law.

## VI.   **CONCLUSION**

For the foregoing reasons, the Court should grant Delta's Motion and dismiss with prejudice Plaintiff's (a) First through Fourth and Seventh through Fifteenth Causes of Actions in their entirety; and (b) Fifth and Sixth Causes of Action for retaliation to the extent they are based on her race or age.

Respectfully submitted,

Dated: December 22, 2025                  MORGAN, LEWIS & BOCKIUS LLP
       New York, New York

By: */s/ Brendan T. Killeen*
    Brendan T. Killeen
    Abigail V. Greene
    101 Park Avenue
    New York, NY 10178-0060
    +1.212.309.6000
    +1.212.309.6001
    brendan.killeen@morganlewis.com
    abigail.greene@morganlewis.com

*Attorneys for Defendant Delta Air Lines Inc.*

11

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed electronically and

served on all counsel of record this 22nd day of December, 2025, via the Court's ECF/CM system.

*/s/ Abigail V. Greene*
Abigail V. Greene