# Exhibit A

Case 1:25-cv-05263-DLI-CHK   Document 15-2   Filed 12/22/25   Page 2 of 12 PageID #: 144



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Legal Counsel

131 M St, N. E., Fifth Floor
Washington, D. C.  20507
Toll Free: (877)-869-1802
TTY (202) 663-7026
FAX (202) 653-6056
Website:  www.eeoc.gov

April 1, 2019

Re: FOIA No.: 820-2017-003035 (2017 Investigator Training Manual)

Your Freedom of Information Act (FOIA) request, received on August 23, 2017, is processed. Our search began on August 28, 2017.  The initial due date was extended by 10-business days to October 5, 2017.  All agency records in creation as of August 28, 2017 are within the scope of EEOC's search for responsive records.  The paragraph(s) checked below apply.

[ X ]   Your request is granted in part and denied in part.  Portions not released are withheld pursuant to the subsections of the FOIA indicated at the end of this letter.  An attachment to this letter explains the use of these exemptions in more detail.

[ X ]   You may contact the EEOC FOIA Public Liaison, Stephanie D. Garner, for further assistance or to discuss any aspect of your request.  In addition, you may contact the Office of Government Information Services (OGIS) to inquire about the FOIA mediation services they offer.

The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, email at ogis@nara.gov; telephone at (202) 741-5770; toll free 1-877-684-6448; or facsimile at (202)741-5769.

The contact information for the FOIA Public Liaison: (see contact information in the above letterhead or under signature line).

[ X ]   If you are not satisfied with the response to this request, you may administratively appeal in writing.  Your appeal must be postmarked or electronically transmitted in 90 days from receipt of this letter to the Office of Legal Counsel, FOIA Programs, Equal Employment Opportunity Commission, 131 M Street, NE, 5NW02E, Washington, D.C. 20507, or by fax to (202) 653-6056, or by email to FOIA@eeoc.gov, or online at the following public access link (PAL): https://publicportalfoiapal.eeoc.gov/palMain.aspx.  Your appeal will be governed by 29 C.F.R. § 1610.11.

[ X ]   See the attached Comments page for further information.

Sincerely,

*M. Omer Pervaiz /s/*

_____
Stephanie D. Garner
Assistant Legal Counsel
Phone: (202) 663-4634
FOIA@eeoc.gov

Re: FOIA No.: 820-2017-003035

Applicable Sections of the Freedom of Information Act, 5 U.S.C. § 552(b):

**Exemption(s) Used:** (b)(5), (b)(6), (b)(7)(C) and (b)(7)(E)

Exemption (b)(5) to the Freedom of Information Act (FOIA), 5 U.S.C. § 552(b)(5) (2016), as amended by the FOIA Improvement Act of 2016, Pub. L. No. 114-185, 130 Stat. 538, permits withholding documents that reflect the analyses and recommendations of EEOC personnel generated for the purpose of advising the agency of possible action. This exemption protects the agency's deliberative process, and allows nondisclosure of "inter-agency or intra-agency memorandums or letters which would not be available to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). The exemption covers internal communications that are deliberative in nature. *National Labor Relations Board v. Sears, Roebuck & Co.*, 421 U.S. 132 (1975); *Hinckley v. United States*, 140 F.3d 277 (D.C. Cir. 1998); *Mace v. EEOC*, 37 F.Supp. 2d 1144 (E.D. Mo. 1999). The purpose of the deliberative process privilege is to "allow agencies freely to explore alternative avenues of action and to engage in internal debates without fear of public scrutiny." *Missouri ex. rel. Shorr v. United States Corps of Eng'rs.*, 147 F.3d 708, 710 (8th Cir. 1998).

Records may be withheld under this exemption if they were prepared prior to an agency's decision, *Wolfe v. Department of Health and Human Services*, 839 F.2d 768, 775, 776 (D.C. Cir. 1988) (en banc) and for the purpose of assisting the agency decision maker. *First Eastern Corp. v. Mainwaring*, 21 F.3d 465,468 (D.C. Cir. 1994). See also, *Greyson v. McKenna & Cuneo and EEOC*, 879 F. Supp. 1065, 1068, 1069 (D. Colo. 1995). Records may also be withheld to the extent they reflect "selective facts" compiled by the agency to assist in the decision making process *A. Michael's Piano, Inc. v. Federal Trade Commission,* 18 F.3d 138 (2d Cir. 1994). An agency may also withhold records to the extent that they contain factual information already obtained by a requester through prior disclosure. See *Mapother, Nevas, et al. v. Dep't of Justice*, 3 F.3d 1533 (D.C. Cir. 1993).

**DOCUMENTS WITHHELD PURSUANT TO EXEMPTION (b)(5) TO THE FOIA:**

**Page 4**, Intermediate Skills for Investigators Workshop sheet, 3 items redacted.
**Page 79**, Letter to Mr. Atmi, (1 page), undated, 2 lines redacted.
**Page 80**, Adverse Impact Analysis Chart, (1 page) withheld.
**Page 89**, Appendix (1 page), case list redacted.
**Pages 154-156**, Memo, (3 pages) withheld.
**Pages 163-164**, Memo, (2 pages) withheld.
**Pages 182-183**, Talking Points (2 pages) withheld.
**Page 214**, Harrington v. AC Medical Lab chart, R's Defenses and Evidence columns redacted.
**Page 215**, 3-Step Basic Investigative Plan, 5 lines redacted, assessment code redacted.
**Page 216**, Harrington v. AC Medical Lab chart, R's Defenses and Evidence columns redacted.
**Page 217**, Pretext? Defense Sheet #2, Title VII-Sex-Promotion, 4 lines redacted.
**Page 218**, Pretext? Defense Sheet #3, Title VII-Sex-Promotion, 4 lines redacted.
**Page 219**, Pretext? Defense Sheet #4, ADA-Disability-Promotion, 4 lines redacted.
**Page 220**, Harrington v. AC Medical Lab chart, R's Defenses and Evidence columns redacted.
**Page 221**, Pretext? Defense #2, Title VII-Sex-Promotion, 4 lines redacted.
**Page 222**, Pretext? Defense Sheet #3, Title VII-Sex-Promotion, 4 lines redacted.
**Page 223**, Pretext? Defense Sheet #4, ADA-Disability-Promotion, 4 lines redacted.
**Page 224**, Harrington v. AC Medical Lab chart, R's Defenses and Evidence columns redacted.
**Page 225**, Pretext? Defense Sheet #2, Title VII-Sex-Promotion, 4 lines redacted.

Re: FOIA No.: 820-2017-003035

**Page 226**, Pretext? Defense Sheet #3, Title VII-Sex-Promotion, 4 lines redacted
**Page 227**, Pretext? Defense Sheet #4, ADA-Disability-Promotion, 7 lines redacted.
**Page 228**, Witherspoon v. BankOnMe, Inc. sheet, R's Defenses and Evidence columns redacted.
**Page 229**, 3-Step Basic Investigative Plan, 5 lines redacted.
**Page 230**, Witherspoon v. BankOnMe, Inc. sheet, R's Defenses and Evidence columns redacted.
**Page 231**, 3-Step Basic Investigative Plan, 5 lines redacted, assessment code redacted.
**Page 232**, Witherspoon v. BankOnMe, Inc. sheet, case name redacted, R's Defenses and Evidence columns redacted.
**Page 233**, 3-Step Basic Investigative Plan, 5 lines redacted, assessment code redacted.
**Page 234**, Witherspoon v. BankOnMe, Inc. sheet, case name redacted, R's Defenses and Evidence columns redacted.
**Page 235**, 3-Step Basic Investigative Plan, 5 lines redacted, assessment code redacted.
**Page 754-755**, Overview of the Charge Process – Training Tab, techniques withheld.
**Page 764**, Overview of the Charge Process – Training Tab, techniques, 3 lines redacted.
**Page 766**, Overview of the Charge Process – Training Tab, techniques, 8 lines redacted.
**Page 876**, Briefing Technique, 14 lines redacted
**Page 899**, Training Slide – Charge Prioritization PCHP category withheld in 3 locations.
**Page 1073-1077**, Talking Points, withheld.
**Page 1083-1085**, Talking Points, withheld.
**Page 1137**, Investigative Interviewing – Training Tab, techniques, withheld

Re: FOIA No.: 820-2017-003035

Exemption (b)(6) to the Freedom of Information Act (FOIA), 5 U.S.C. § 552(b)(6) (2016), as amended by the FOIA Improvement Act of 2016, Pub. L. No. 114-185, 130 Stat. 538, permits withholding of information about individuals in "personnel and medical files and similar files" if its disclosure "would constitute a clearly unwarranted invasion of personal privacy."  In addition to personnel records and medical files, the term "similar files" encompasses all information that "applies to a particular individual." *Dep't of State v. Washington Post Co.*, 456 U.S. 595, 599-603 (1982).  This exemption requires that the privacy interests of the individual be balanced against the public interest in disclosure. *Dep't of the Air Force v. Rose*, 425 U.S. 352, 372 (1976).  In examining whether there is a "public interest" in disclosure of certain information, the "public interest" must truly be in the interest of the overall public.  In *United States Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 773 (1989), the Supreme Court explained that only "[o]fficial information that sheds light on an agency's performance of its statutory duties" merits disclosure under FOIA, and noted that "disclosure of information about private citizens that is accumulated in various governmental files" would "reveal little or nothing about an agency's own conduct."

Personal details pertaining to an individual are generally protected under this exemption. See, e.g., *DOD v. FLRA*, 510 U.S. 487, 500-502 (1994) (finding privacy interest in federal employees' home addresses even though they often are publicly available through sources such as telephone directories and voter registration lists); *Pons v. United States Customs Service*, No. 93-2094,1998 U.S. Dist. LEXIS 6084 at **13-14 (D.D.C. April 27, 1998) (protecting identities of lower and mid-level agency employees who worked on asset forfeiture documents); *Barvick v. Cisneros*, 941 F. Supp. 1015 (D. Kan. 1996) (finding personal information such as home addresses and telephone numbers, social security numbers, dates of birth, insurance and retirement information, reasons for leaving prior employment, and performance appraisals protectable under Exemption Six). See also, *Rothman v. USDA*, 1996 Lexis 22716 (C.D. Cal. June 17, 1996) (disclosure of information in the applications of persons who failed to get a job may embarrass or harm them).

**DOCUMENTS WITHHELD PURSUANT TO EXEMPTION (b)(6) TO THE FOIA:**

**Page 228**, Witherspoon v. BankOnMe, Inc. sheet, first name redacted.
**Page 230**, Witherspoon v. BankOnMe, Inc. sheet, first name redacted.
**Page 232**, Witherspoon v. BankOnMe, Inc. sheet, first name redacted.
**Page 234**, Witherspoon v. BankOnMe, Inc. sheet, first name redacted.

Re: FOIA No.: 820-2017-003035

Exemption (b)(7)(C) to the Freedom of Information Act (FOIA), 5 U.S.C. § 552(b)(7)(C) (2016), as amended by the FOIA Improvement Act of 2016, Pub. L. No. 114-185, 130 Stat. 538, authorizes the Commission to withhold:

records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy . . . .

The seventh exemption applies to civil and criminal investigations conducted by regulatory agencies. *Abraham & Rose, P.L.C. v. United States*, 138 F.3d 1075, 1083 (6th Cir. 1998). Release of statements and identities of witnesses and subjects of an investigation creates the potential for witness intimidation that could deter their cooperation. *National Labor Relations Board v. Robbins Tire and Rubber Co.*, 437 U.S. 214, 239 (1978); *Manna v. United States Dep't. of Justice*, 51 F.3d 1158,1164 (3d Cir. 1995). Disclosure of identities of employee-witnesses could cause "problems at their jobs and with their livelihoods." *L&C Marine Transport, Ltd. v. United States*, 740 F.2d 919, 923 (11th Cir. 1984).

The Supreme Court has explained that only "[o]fficial information that sheds light on an agency's performance of its statutory duties" merits disclosure under FOIA, and noted that "disclosure of information about private citizens that is accumulated in various governmental files" would "reveal little or nothing about an agency's own conduct." *United States Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 773 (1989).

For the purposes of determining what constitutes an unwarranted invasion of personal privacy under exemption (b)(7)(C), the term "personal privacy" only encompasses individuals, and does not extend to the privacy interests of corporations. *FCC v. AT&T Inc.*, 131 S.Ct. 1177, 1178 (2011).

**DOCUMENTS WITHHELD PURSUANT TO EXEMPTION (b)(7)(C):**

**Page 228**, Witherspoon v. BankOnMe, Inc. sheet, first name redacted.
**Page 230**, Witherspoon v. BankOnMe, Inc. sheet, first name redacted.
**Page 232**, Witherspoon v. BankOnMe, Inc. sheet, first name redacted.
**Page 234**, Witherspoon v. BankOnMe, Inc. sheet, first name redacted.

Exemption (b)(7)(E) to the Freedom of Information Act (FOIA), 5 U.S.C. § 552(b)(7)(E) (2016), as amended by the FOIA Improvement Act of 2016, Pub. L. No. 114-185, 130 Stat. 538, authorizes the Commission to withhold:

law enforcement information that "would disclose techniques and procedures for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law."

**DOCUMENTS WITHHELD PURSUANT TO EXEMPTION (b)(7)(E) OF THE FOIA:**

**Page 10**, Investigating Discrimination Claims Using the Models of Proof, (doc page 6) 2 lines redacted.
**Page 13**, Investigating Discrimination Claims Using the Models of Proof, (doc page 9) 3 lines redacted
**Page 89**, Appendix (1 page), case list redacted.
**Pages 154-156**, Memo, (3 pages) withheld.
**Pages 163-164**, Memo, (2 pages) withheld.
**Pages 182-183**, Talking Points (2 pages) withheld.
**Page 214**, Harrington v. AC Medical Lab chart, R's Defenses and Evidence columns redacted.
**Page 215**, 3-Step Basic Investigative Plan, 5 lines redacted.
**Page 216**, Harrington v. AC Medical Lab chart, R's Defenses and Evidence columns redacted.
**Page 217**, Pretext? Defense Sheet #2, Title VII-Sex-Promotion, 4 lines redacted.
**Page 218**, Pretext? Defense Sheet #3, Title VII-Sex-Promotion, 4 lines redacted.
**Page 219**, Pretext? Defense Sheet #4, ADA-Disability-Promotion, 4 lines redacted.
**Page 220**, Harrington v. AC Medical Lab chart, R's Defenses and Evidence columns redacted.
**Page 221**, Pretext? Defense #2, Title VII-Sex-Promotion, 4 lines redacted.
**Page 222**, Pretext? Defense Sheet #3, Title VII-Sex-Promotion, 4 lines redacted
**Page 223**, Pretext? Defense Sheet #4, ADA-Disability-Promotion, 4 lines redacted
**Page 224**, Harrington v. AC Medical Lab chart, R's Defenses and Evidence columns redacted.
**Page 225**, Pretext? Defense Sheet #2, Title VII-Sex-Promotion, 4 lines redacted.
**Page 226**, Pretext? Defense Sheet #3, Title VII-Sex-Promotion, 4 lines redacted
**Page 227**, Pretext? Defense Sheet #4, ADA-Disability-Promotion, 7 lines redacted.
**Page 228**, Witherspoon v. BankOnMe, Inc. sheet, R's Defenses and Evidence columns redacted.
**Page 229**, 3-Step Basic Investigative Plan, 5 lines redacted.
**Page 230**, Witherspoon v. BankOnMe, Inc. sheet, R's Defenses and Evidence columns redacted.
**Page 231**, 3-Step Basic Investigative Plan, 5 lines redacted.
**Page 232**, Witherspoon v. BankOnMe, Inc. sheet, R's Defenses and Evidence columns redacted.
**Page 233**, 3-Step Basic Investigative Plan, 5 lines redacted.
**Page 234**, Witherspoon v. BankOnMe, Inc. sheet, R's Defenses and Evidence columns redacted.
**Page 235**, 3-Step Basic Investigative Plan, 5 lines redacted.
**Page 410-411**, Charge Priority Handling Procedures – Training Tab, PCHP Assessment Form, withheld.
**Page 433**, Fact Finding Conference – Training Tab, techniques, withheld.
**Page 439**, Fact Finding Conference – Training Tab, techniques, withheld.
**Page 626**, Negotiating Settlement/Conciliation – Training Tab, techniques, withheld.
**Page 628**, Negotiating Settlement/Conciliation – Training Tab, techniques, withheld.
**Page 648-651**, Negotiating Settlement/Conciliation – Training Tab, techniques, withheld.
**Page 813-820**, Memo, techniques, withheld.

**Re: FOIA No.: 820-2017-003035**

    **Page 821**, Questions and Answers on Mixed Charge Files, assessment codes redacted in 2 locations.
    **Page 872-873**, Model Investigative Plan, withheld.
    **Page 874**, Model Investigative Plan, R's Defenses and Evidence columns redacted.
    **Page 875**, 3-Step Basic Investigative Plan, 5 lines redacted.
    **Page 877-878**, Interview Model Checklist, withheld.
    **Page 879-881**, Request for Information Model Check list, withheld.
    **Page 882-883**, Fact Finding Conferences Model Checklist, withheld.
    **Page 884-886**, On-Sites Model Checklist, withheld.
    **Page 887-889**, Memo, withheld.
    **Page 1137**, Investigative Interviewing – Training Tab, techniques, withheld

Comments

This is in response to your Freedom of Information Act (FOIA) request. You requested a digital/electronic copy of the presentation materials for the New Investigator training and Intermediate Skills training class. We apologize for the delay with the processing of your FOIA request. Your request is granted in part and denied in part.

Attached for your review is the 2017 New Investigator Training and Intermediate Skills Training documents for your review.(1288 pages).

For a full description of the exemption codes used please find them at the following URL: https://publicportalfoiapal.eeoc.gov/palMain.aspx

This response was prepared by Tracy L. Smalls, Government Information Specialist, who may be reached at 202-663-4331.

# OVERVIEW OF THE CHARGE PROCESS

# OVERVIEW OF THE CHARGE PROCESS

## Table of Contents

INTRODUCTION TO THE CHARGE ...................................................................................3

DRAFTING THE CHARGE ...............................................................................................12

SAMPLE CHARGE............................................................................................................14

INTAKE ..............................................................................................................................16

CHARGE PRIORITIZATION - PCHP................................................................................20

STRATEGIC ENFORCEMENT PLAN ..............................................................................21

QUALITY ENFORCEMENT PRACTICES (QEP).............................................................23

EXERCISE:........................................................................................................................26

EEOC AND CUSTOMER SERVICE.................................................................................29

MEDIATION.......................................................................................................................31

THE INVESTIGATION......................................................................................................32

INVESTIGATIVE TOOLS AND TECHNIQUES................................................................37

**APPENDIX**

**Slide Show**

## OVERVIEW OF THE CHARGE PROCESS

**In this section, we will review the EEOC's charge procedures.**

### The Charge and the Parties

A person who believes that s/he has been discriminated against in employment because of race, color, religion, sex (including pregnancy, gender identity, or sexual orientation), national origin, age, disability, genetic information (including family medical history), or in retaliation for filing a charge, complaining about discrimination, or participating in an investigation or lawsuit, may file a charge of discrimination ("**charge**") with the Agency. The EEOC refers to an individual who has filed a charge as a "**charging party**" and the employer/entity, against whom the charge is filed, as the "**respondent.**"

A charging party does not have to be represented by an attorney to file a charge of discrimination with the Agency. A charging party who chooses to be represented by an attorney does so at his or her own expense.

### Contacting the EEOC

Persons who believe they have been discriminated against in employment may contact the EEOC by phone, letter, in person, or online. We refer to such an individual as a **Potential Charging Party (PCP)**.

All initial contacts made with members of the public inquiring about their employment rights are entered by staff as an **Inquiry** into the **Integrated Mission System (IMS)** — the EEOC's electronic system that maintains all pertinent data about inquiries and charges from intake through resolution. Each inquiry is assigned a number by IMS. The entry of information as an inquiry is often essential as a way of documenting the first contact the PCP makes with the EEOC when issues of timeliness of the charge are raised.

> ➢ Inquiry numbers follow the format of three numeric digits reflecting the office code originating the charge, four digits reflecting the fiscal year of the initial entry in IMS, five digits reflecting a sequential numbering of inquiries received by the specific EEOC field office, and a letter "N" which denotes the matter is an inquiry

3

> (e.g. 540-2016-00201N).
> ➢ All charges in the IMS are first entered as Inquiries.
> ➢ Once a charge has been "formalized," (finalized, signed and dated) and staff enters this in IMS, the system automatically changes the "N" to a "C" (e.g., 540-2016-00201C). The charge number replicates the inquiry number in all other aspects.
> ➢ Inquiries which are never formalized as a charge remain in IMS with the "N" designation.

**Telephone Calls to the EEOC's 800# - Intake Information Group (IIG)**

A PCP's first contact with the EEOC may be through our toll-free phone number. The PCP will speak to an Intake Information Representative (IIR). The IIR makes an initial assessment to determine whether the individual's complaint or allegation is covered by the laws enforced by the EEOC. If not, the IIR will generally try to refer the person to another federal, state or local Agency for assistance.

> ➢ The IIG also offers American Sign Language (ASL) Video Phone services for deaf and hard of hearing PCP's who contact the EEOC for information about the charge filing process.

PCPs wishing to file a charge are either mailed an Intake Questionnaire, provided an electronic link to the Intake Questionnaire, or in cases where timeliness is of issue, provided with the telephone number to the office having jurisdiction over PCP's employment location. In all cases, the information captured by the IIR becomes an inquiry in IMS. All inquiries entered through the IIG have an 846-prefix number in the office field section of the inquiry number format. (The 846 prefix is retained even when the charge is formalized by the field office responsible for the charge.)

- **Telephone Call to an EEOC Office**

    PCPs may contact a field office directly. Telephone calls are handled by local enforcement and administrative staff and may result in mailing an Intake Questionnaire, access to an electronic link for the Intake Questionnaire, invitation/instruction to visit the EEOC

4